## WHELAN *v.* McCULLOUGH.

EVIDENCE; BONDS; PRINCIPAL AND SURETY.

1. Parol evidence may be received in aid of written evidence, in order either to establish a particular document or to apply it to its proper subject matter; or to explain it, if its terms be of doubtful import; or to rebut some presumption which affects it.

2. In a suit against a surety on a building contractor's bond, which bond was conditioned on the contractor's performance of his contract to erect certain buildings according to the plans submitted, specifications of such buildings, prepared before the execution of the bond and contract, and used by the contractor as the basis of his bid to erect the buildings, but not mentioned in the contract, are admissible in evidence. Such specifications are properly embraced in the term plans used in the contract.

3. And in such a suit, certain equity proceedings and the decree therein, establishing mechanic's liens against the buildings, which the complainant was compelled to pay, are admissible in evidence as a judicial ascertainment of the extent of the damages sustained by him by reason of the default of the principal in the bond, especially where the surety was a party to such proceedings.

No. 276.   Submitted May 21, 1894.   Decided September 20, 1894.

HEARING on a bill of exceptions by the plaintiff in an action on a bond.   *Reversed.*

The COURT in its opinion stated the case as follows:

This action was brought on a bond, against principal and

surety therein, to recover for default of the principal, occuring by the non-performance of a building contract. Judgment was taken by default against the principal, but the surety William W. McCullough, pleaded to issue, and upon trial there was a verdict rendered for the defendant, by the direction of the court.

The declaration counted simply upon the penal obligation of the bond, and the condition thereof was brought upon the record in the plea of general performance pleaded by the surety, the present appellee.

The condition of the bond is, after reciting that Hanson C. Walter, the principal, on the 27th day of August, 1888, the same date of the bond, entered into a contract with the plaintiff, William Whelan, for the erection of two three-story and cellar houses and stores in the city of Georgetown, District of Columbia, "that if the said Walter should well and truly keep and perform all and each of the several covenants and agreements therein contained, then said obligation to be null and void, otherwise to remain in full force and effect."

To the plea of general performance the plaintiff replied, denying performance by the principal in the bond, and assigned three breaches of the condition of the bond, as follows:

1st. That said Walter, in and by said contract referred to in the condition of the bond, covenanted to furnish and provide, at his own proper cost and expense, all the materials of every kind and description that were necessary to erect and fully finish and complete the two houses and stores in the condition of the writing obligatory mentioned, but failed and refused to pay for materials necessarily used in the construction of said two houses and stores, to the value of $2,062, in consequence whereof the plaintiff was compelled to, and did, pay said sum of $2,062, on the 11th day of June, 1890, to the persons who had furnished said materials, to the damage of the plaintiff in said sum of $2,062, with interest.

2d. That by reason of the refusal or failure of the said Walter to pay for said materials, the plaintiff and said Walter were sued by persons who had furnished the materials as aforesaid, and who had acquired mechanics' liens upon the property of the plaintiff, for the amounts of said materials so furnished, and recoveries were had for such amounts, and the plaintiff was required to pay the same, together with the costs and expenses of defending the suit, &c., to the damage of the plaintiff in the sum of $500.

3d. That, by reason of the failure of said Walter to complete said buildings within the time specified and required in and by said contract, he incurred certain penalties prescribed in said contract, and which he has failed and refused to pay, to the damage of the plaintiff in the sum of $500.

To these breaches the defendant McCullough rejoined, by simply joining issue, which must be understood as a traverse of the facts alleged in the breaches assigned.

At the trial, the bond, and a paper signed by the plaintiff, purporting to be the contract, were read in evidence to the jury; and the plaintiff, as witness for himself, testified that prior to the execution of the bond and contract given in evidence, an architect had prepared for him certain drawings and specifications to be used in the construction of the buildings referred to in the contract; that the houses were erected by Walter, the contractor, according to such drawings and specifications; and that Walter had them in his possession before the contract was made, and used them in preparing the bid upon which the contract was awarded to him. He further testified, that McCullough, the surety in the bond and the present appellee, furnished to Walter the lumber that was used in the construction of the houses. He also testified that Walter, the contractor, did not finish the houses, but he stopped work thereon some time before they were completed, and the plaintiff had to complete them; and that he, the plaintiff, had paid out to Walter on account of the buildings, the whole amount of the contract price,

except the sum of $822, and all of which balance, less the sum of $6, he paid out for labor and materials in completing the unfinished houses that Walter had abandoned. He then testified that Walter had failed to pay for labor and materials furnished to him for the construction of the buildings under the contract, and that mechanics' liens were taken, and enforced by proceedings in equity, and the amount of such liens decreed against the property, the plaintiff was compelled to pay to the parties entitled, in order to avoid the sale of the property under the decree. The proceedings in equity were taken against the plaintiff, and against Walter, McCullough and others; and the decree upon its face declared the several amounts due to be for and in respect of labor and materials furnished to Walter, and used by him in the erection of the two houses for the plaintiff.

The plaintiff, as means of showing what the contract required of the contractor, the principal in the bond, offered to read in evidence the specifications made by the architect for the construction of the buildings, and which had been used by the contractor as testified to by the plaintiff; and also offered to read in evidence to the jury the equity proceedings and decree passed thereon, for the enforcement of the mechanics' liens against the property of the plaintiff; but they were severally objected to by the defendant, and the objections sustained by the court, and all such evidence was excluded. To which rulings of the court, the plaintiff excepted.

The plaintiff also testified as to the payment to Walter of the contract price for the buildings; and the payment of the amount of the mechanics' liens ascertained by the decree, and as to the time when the work on the buildings was abandoned by Walter, and the time required to finish the work from the time of such abandonment by the contractor; and further, that the houses when finished were worth about $7,000 each, and would rent for $50 per month.

At the close of the evidence, upon motion of the defend-

ant, the court instructed the jury to render their verdict for the defendant, which was accordingly done. The plaintiff excepted, and has appealed.

*Mr. A. S. Worthington* and *Mr. Isaac W. Nordlinger* for the plaintiff in error.

*Messrs. Edwards & Barnard* for the defendant in error.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

There are two questions only that are required to be considered :

1st. Whether the specifications offered to be read in evidence should have been admitted ;

2d. Whether the equity proceedings and decree thereon, coupled with the fact that the amounts of the decree and cost of suits, had been paid by the plaintiff, were admissible in evidence as against the defendant, the surety in the bond.

1. In respect to the first of these questions, we think the specifications, under the circumstances stated by the witness, should have been admitted in evidence.

In the paper designated as the agreement or contract, and signed by the plaintiff only, it is stated that Whelan, the plaintiff, had " awarded to Walter the erection (according to the *plans* he had submitted to Walter,) of his two three-story and cellar stores and dwellings, to be located on High street, &c., on the following terms and conditions hereinafter specified." The plaintiff agreed to pay for the erection of the buildings the sum of $6,633.54, that being the amount of Walter's bid, and which sum was to be paid in certain instalments as the work on the buildings progressed. But this paper itself contains no specifications as to the dimensions of the buildings, or of what materials they were to be constructed—whether of wood, brick or stone—or how to be finished. There is a separate paper, however, designated "specifications," containing detailed specifications of all

parts and particulars of the buildings, to be used in the construction thereof, and which were used, according to the testimony of the plaintiff.

It is in this paper, and in this paper only, that it is agreed on the part of the contractor, that he "is to furnish and provide at his own proper cost and expense, as specified, all materials of every kind and description that are necessary to erect and fully finish and complete said buildings in their several parts respectively, except when otherwise specified; and do all the work in its several parts *as specified,* to the satisfaction of the owner, according to the true intent and meaning of the said *plans and specifications.* The materials all are to be the best quality of their several kinds, as specified; and the work is to be done in the best and most workmanlike manner, and finished complete throughout, on or before the — day of —— next." This clause is one of the most essential parts of the contract, and for the execution of which the bond was most needed as security to the plaintiff.

It is a well settled principle in the law of evidence that parol evidence may be received in *aid* of written evidence, in order either to *establish* a particular document, or to *apply* it to its proper subject matter, or to *explain* it if its terms be of *doubtful import;* or to rebut some *presumption* which affects it. Light is generally thrown upon these questions by proof of the circumstances surrounding the parties, and with reference to which the written document was made. Here the testimony of the plaintiff is to the effect, that the specifications set out in the record were made by an architect before the contract and bond were executed, to be used in the construction of the buildings; that Walter, the contractor, had these specifications in his possession at the time he bid for and was awarded the contract for the buildings, and that the buildings were erected according to the drawings and specifications so furnished him. Indeed, the paper designated as the contract would be wholly unintelligible

without the drawings and specifications so used by the contractor. It is clear, we think, these latter pertain to and form a part of the contract of the parties, and must be read and considered together with the paper designated as the contract, as forming the contract within the meaning and contemplation of the condition of the bond. The specifications are but the particulars or details of the plan, and the term *plan*, used in the contract, fairly embraced the specifications for the buildings.

2. With respect to the second question, the law would seem to be well settled. The bond upon which the suit is brought is conditioned, as we have seen, that Walter, the principal, should well and truly keep and perform each and all of the covenants and agreements in the contract for building the houses. This obligation was not kept and performed, as Walter neither finished the houses, nor paid for work and materials furnished to him for the erection of the buildings, as he was bound to do. His failure to keep and perform the terms and requirements of the contract fixed an obligation both upon him and his surety, to the extent of the damnification sustained by the plaintiff, by reason of such failure. The decree, declaring the liens upon the property of the plaintiff, and requiring payment of the amounts thereof, was a judicial ascertainment of the extent of the damnification sustained by the plaintiff, by reason of the default of Walter, the principal in the bond. The defendant, McCullough, was in fact a party to that suit, and being interested as surety in the bond, in resisting a recovery against his principal or for which his principal was liable, it was his duty to make all proper defenses to the claims sought to be enforced. Where a party has had a full and fair opportunity afforded him of making all the defenses at his command to an asserted right or claim, he cannot afterwards object to the recovery, upon the ground that he was not technically called upon to make such defense. *Parr & Cockey* v. *State, use of Cockey,* 71 Md. 220,

234, 235 : And even though the defendant had not been a party to the equity suit, the decree against or fixing the liability of the principal in the bond, would bind, and be admissible evidence against the defendant, the surety in the bond. The judgment or decree of a court of competent jurisdiction that binds and concludes the principal, will bind and be admissible as evidence against the surety of such principal. In the case of *Stovall* v. *Banks*, 10 Wall. 583, it was held by the Supreme Court of the United States, that a recovery by a decree against an administrator, the principal in the bond, of a certain amount of money, was binding and conclusive against the surety as well as the principal, and that the surety would not be allowed to attack the decree collaterally. The surety may, of course, be allowed to show, if he can, that the subject-matter of the judgment or decree against the principal was not within the scope or operation of the contract of suretyship, or that there had been collusion or fraud in obtaining the judgment or decree. But if the claims recovered against the principal, or for which he is bound, as in this case, are such as are embraced in the contract of suretyship, in the absence of fraud or collusion, the surety is equally bound as the principal. We are of opinion, therefore, that the equity proceedings and decree thereon offered to be read in evidence, should have been admitted.

It follows that the judgment below must be reversed, and the cause be remanded for a new trial.

*Judgment reversed, and cause remanded.*