## SLACK v. RICH.

### No. 10434.

United States Court of Appeals
District of Columbia Circuit.

Argued April 13, 1950.

Decided June 19, 1950.

Mr. William A. Powell, Washington, D. C., for appellant.

Mr. Charles Sumner Brown, Washington, D. C., for appellee.

Before PROCTOR, BAZELON and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

The question here is whether an order of the District Court dismissing a prior action is *res judicata* of the present action.

In the earlier case, Sarah L. Slack, appellant (hereafter referred to as plaintiff), sued Charles W. Rich for personal injuries. Before trial Rich died. Plaintiff substituted Lovey V. Rich, administratrix. She moved to dismiss upon the ground that the right of action abated with the death of Charles W. Rich. 12 D.C.Code (1940) § 101.[1] The plaintiff, admitting Rich's death in August 1947, contended that the Act of June 19, 1948, 62 Stat. 487, ch. 508, § 1,[2] amending the abatement statute cited above, was retroactive and revived the right of action against Rich's legal representative. The court rejected this contention and entered an order dismissing the action. No appeal was taken.

However, on April 5, 1948, Sarah L. Slack again filed suit against Lovey V. Rich, administratrix, upon the same cause of action. The defendant, appellee here, moved to dismiss upon the ground that the order for dismissal in the former action was *res judicata*. The motion was granted and the action dismissed. This appeal follows.

We have no doubt that the order for dismissal in the first suit operated "as an adjudication upon the merits" of the right of action, and is a bar to the present suit. Rule 41(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; American National Bank & Trust Co. of Chicago v. United States, 1944, 79 U.S.App.D.C. 62, 142 F.2d 571.

As there is no need to do so we express no opinion concerning the effect of the Act of June 19, 1948.

Affirmed.

1. The Code provision in effect at the time of Rich's death was as follows: "On the death of any person in whose favor or against whom a right of action may have accrued for any cause *except an injury to the person* or to the reputation, said right of action shall survive in favor of or against the legal representatives of the deceased; but *no right of action for an injury to the person*, except as provided in sections 16–1201 to 16–1203, or to the reputation, *shall so survive.* (Mar. 3, 1901, 31 Stat. 1227, ch. 854, § 235.)" (Emphasis supplied.)

2. See 12 D.C.Code (1940, Supp. VII) § 101: "On the death of any person in whose favor or against whom a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of or against the legal representative of the deceased: *Provided, however,* That in tort actions, the said right of action shall be limited to damages for physical injury except for pain and suffering resulting therefrom. (As amended June 19, 1948, 62 Stat. 487, ch. 508 § 1.)"