### BRODER v. HARTFORD ACC. & INDEMNITY CO.
#### Civ. A. No. 2678–52.

United States District Court for the District of Columbia.

Aug. 7, 1952.

Simon Broder, pro se., for plaintiff.

Kelly & Nicolaides, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on a motion to dismiss the complaint, on two grounds: first, that the claim asserted here has, in effect, been decided adversely to the plaintiff in another action (Civil Action No. 2244–50) in this court, and second, that the plaintiff by filing an action against the defendant's principal in the Municipal Court of the District of Columbia (No. A–1578–51) has limited his alleged claim to the sum of $3,000, the limit of that court's jurisdiction.

In the present action the plaintiff (hereinafter called Broder) sues the defendant, Hartford Accident & Indemnity Company (hereinafter called Hartford) as surety on the construction bond of Karl R. Mirkes, claiming damages in the amount of $15,000 occasioned the plaintiff by the contractor's alleged defaults on his contract to construct a house for the plaintiff.

In May, 1950, the contractor, Mirkes, filed a complaint against Broder for enforcement and confirmation of an arbitration award made pursuant to Article 19 of the construction contract, which provided in part:

> "*Arbitration*—Any disagreement arising out of this contract or from the breach thereof, shall be submitted to arbitration and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment

upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other."

In that action Broder filed an answer contesting the validity of the arbitrators' award, and also a counterclaim against Mirkes for the sum of $11,773.75, alleged to be the expense of completing the contract in accordance with its terms in excess of the unpaid balance due Mirkes. Mirkes filed a motion to dismiss the counterclaim on the sole ground that Broder was attempting to disregard the arbitration provisions of their contract and that, having agreed to arbitrate and all claims and demands raised in the counterclaim having been adjudicated by the report of the arbitrators, Broder was estopped from relitigating such controversies. The motion to dismiss the counterclaim was granted on October 6, 1950.

Broder also moved to make Hartford a third-party defendant in that action. This motion was opposed by Hartford on the grounds that the contract of the parties, incorporated in the bond by reference, provided that the decision of the arbitrators should be a condition precedent to any right of legal action that either party might have against the other; that the condition of the bond was that the surety would indemnify the owner in the event the principal should fail to do so; and that, assuming that Broder should sustain a recovery against Mirkes, there was no showing at that time that Mirkes would fail to pay any loss sustained by Broder. The motion to bring in Hartford as third-party defendant was denied.

Thereafter, a motion to dismiss the original complaint was granted, with leave to amend. An amended complaint was filed, and the court denied Broder's motion for judgment on the pleadings, at the same time granting his oral motion that the answer to the original complaint be treated as his answer to the amended complaint. Broder then moved for summary judgment

on his counterclaim. This motion was opposed by Mirkes on the ground that the counterclaim had been dismissed on October 6, 1950. Mirkes also filed a motion for summary judgment.

On July 16, 1951, before disposition had been made of either of the motions for summary judgment, a praecipe was filed in the action, directing the clerk to "enter the above case dismissed *with prejudice*, same having been settled and satisfied," signed by the plaintiff and consented to by Broder.

On March 10, 1952, Broder filed a motion to vacate the praecipe, to rescind the accord and satisfaction, and to reinstate his counterclaim, on the ground that Mirkes had failed to comply with the agreement of accord and satisfaction entered into prior to the filing of the praecipe. This motion was denied on March 28, 1952.

Meanwhile, on September 20, 1951, Broder had filed in the Municipal Court for the District of Columbia a complaint against Mirkes for breach of the agreement of accord and satisfaction, claiming damages in the sum of $3,000. This action is still pending.

On June 16, 1952, Broder filed the instant suit against Hartford, the surety on the construction bond, for $15,000 damages alleged to have been occasioned the plaintiff by Mirkes' default under the construction contract.

On July 8, 1952, Broder filed still another suit (Civil Action No. 3002–52) in this court against Mirkes, in which he "rescinded" the agreement of accord and satisfaction on the ground of Mirkes' breach thereof, and again claimed damages of $11,000 for Mirkes' breach of the original construction contract. The plaintiff Broder has stated that he intends to dismiss the action pending in the Municipal Court when he has obtained service in Civil Action No. 3002–52 on Mirkes, who is now, as shown by the Municipal Court pleadings, on active duty with the United States Navy in Florida.

As to the defendant's first ground for dismissal of the complaint in the present action, this court holds that the court's

dismissal of Broder's counterclaim in Civil Action No. 2244-50, as well as its denial of his motion to add the surety as a third-party defendant in that action and the parties' dismissal "with prejudice" of that action, constitutes a bar to the claim here asserted.

Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, in part:

"Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

See Slack v. Rich, 87 U.S.App.D.C. 123, 182 F.2d 706. Rule 41(c) provides that, "The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim."

■ The order of October 6, 1950, dismissing Broder's counterclaim, therefore operated as an adjudication on the merits that Broder did not have a cause of action as there alleged for the defaults of the builder under the construction contract. This order is res judicata not only as to Mirkes, the plaintiff in that suit, but also as to his surety, Hartford, the defendant herein.

■ Under the bond on which this suit is based, the surety bound itself to indemnify and save harmless Broder from all cost and damages which he might suffer by reason of Mirkes' failure to faithfully perform his construction contract in the sum of $17,600, and to reimburse Broder for all outlay and expense which he might incur in making good any such default. The plaintiff's claim against the surety can be no greater than his claim against the principal; and if the principal is not liable, neither is the surety.

■ It is elementary that "a question of fact or of law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties *sui juris* is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action." Oklahoma v. Texas, 256 U.S. 70, 85, 41 S.Ct. 420, 422, 65 L.Ed. 831; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49, 18 S.Ct. 18, 42 L.Ed. 355.

■ An issue decided in an action by the obligee against the principal, a judgment in which would be binding on the surety, cannot thereafter be relitigated in an action against the surety. Aetna Casualty & Surety Co. v. Abbott, 4 Cir., 130 F.2d 40, 42.

■ The plaintiff Broder makes a point of the fact that he sought to bring in Hartford as a third-party defendant in the prior suit, but that Hartford resisted his motion; and the plaintiff therefore contends that Hartford was a stranger to the prior action and that any judgment therein cannot be binding on Hartford. A judgment against the principal in a suit of which the surety has full knowledge is not only evidence, but conclusive evidence as to the surety's liability and binds the surety, against every defense except fraud and collusion in obtaining it, or the defense that the judgment against the principal was not within the scope or operation of the contract of suretyship. Whelan v. McCullough, 4 App.D.C. 58, 64-65; Lake County, for Use and Benefit of Baxley v. Massachusetts Bonding & Insurance Co., 5 Cir., 75 F.2d 6, 8. Hartford would therefore have been bound by any judgment against Mirkes on the counterclaim in the prior action, and may plead dismissal of the counterclaim as res judicata in the present action.

■ Aside from dismissal of the counterclaim, this court, when it denied the motion to bring in Hartford as a third-party defendant in the prior action on a third-party complaint alleging the same cause of action stated in the present complaint, held that Broder has no cause of action against Hartford on such facts. Further, Broder consented to dismissal of the whole prior action with prejudice in the praecipe of July 16, 1951, and his right to have the praecipe set aside and the pro-

·ceeding reopened has already been denied, on March 28, 1952.

The present action is an attempt to re-litigate issues raised and disposed of in ·Civil Action No. 2244–50, and for that rea-·son the motion to dismiss must be granted.

■■ The court finds no merit in the ·other ground of the defendant's motion to dismiss, that the plaintiff, by suing in the Municipal Court for breach of the accord and satisfaction, has elected to limit his claim to $3,000. While, for the purposes of the Municipal Court action, the plaintiff has limited his claim to the amount of that court's jurisdiction, such limitation will not bind this court unless and until the plaintiff obtains a judgment in the Munici-pal Court which operates as res judicata in any litigation pending in this court. Where the judgment sought is strictly in ·personam, both a state ·court and a fed-eral court, having concurrent jurisdiction, may proceed with the litigation until a judgment is obtained in one of them which may be set up as res judicata in the other. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285; Kline v. Burke Const. Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226.

Counsel will prepare and present prompt-ly an appropriate order.