**HILTON HOTELS CORPORATION
et al., Appellants,**

v.

**Robert C. WEAVER, Administrator of the
Housing and Home Finance Agency,
Appellee.**

**No. 17987.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 23, 1963.

Decided Nov. 18, 1963.

Mr. Paul A. Porter, Washington, D. C.,
with whom Messrs. Milton V. Freeman
and Melvin C. Garbow, Washington,
D. C., were on the brief, for appellants.

Mr. David Epstein, Asst. U. S. Atty.,
with whom Mr. David C. Acheson, U. S.
Atty., and Mr. Frank Q. Nebeker and
Mrs. Ellen Lee Park, Asst. U. S. Attys.,
were on the brief, for appellee. Mr.
Robert D. Devlin, Asst. U. S. Atty., also
entered an appearance for appellee.

Before WASHINGTON, BASTIAN and
WRIGHT, Circuit Judges.

PER CURIAM.

This case raises issues of fact and law
virtually identical to those which were
considered by the Court of Appeals for
the Third Circuit in Pittsburgh Hotels
Association, Inc. v. Urban Redevelopment
Authority of Pittsburgh, 309 F.2d 186
(1962), cert. denied, 372 U.S. 916, 83
S.Ct. 730, 9 L.Ed.2d 723 (1963). The
parties there were substantially the same
as those now before us, though relief
here is sought against a Federal official,
and there was sought against private
parties and state officials. If the present
appellants had obtained in the Third
Circuit the relief they there sought, the
controversy would have been effectively
concluded. We are satisfied that in the
interests of comity and the orderly ad-
ministration of justice [1] we should not
attempt to reexamine the matters con-
sidered and resolved by the Third Cir-
cuit, a court having authority equal to
our own. The order of the District
Court, dismissing the complaint, will
therefore be

Affirmed.

---

[1] We need not decide whether the princi-
ples of res judicata and collateral es-
toppel operate to prevent a plaintiff from
raising issues against a defendant who
was not a party in a previous litiga-
tion in which plaintiff unsuccessfully
raised the same issues. We decide only
that where a prior decision against the
plaintiff on the same issues he raises in
the instant case would necessarily be
frustrated or obstructed by a present de-
cision in the plaintiff's favor this court
will not interfere with the prior decision
adverse to the plaintiff.