**UNITED STATES of America**

v.

**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION et al.**

Philadelphia Housing Authority (Intervenor), Appellant.

**UNITED STATES of America**

v.

**PLUMBING FIXTURE MANUFACTURERS ASSOCIATION, Crane Co., Universal-Rundle Corporation, Briggs Manufacturing Company, Gerber Plumbing Fixtures Corp., Ogden Corporation, Mansfield Sanitary, Inc., Peerless Pottery, Inc., Kilgore Ceramics Corporation, Lawndale Industries, Inc. and Georgia Sanitary Pottery, Inc.**

Philadelphia Housing Authority (Intervenor), Appellant.

**Nos. 16764 and 16765.**

United States Court of Appeals Third Circuit.

Argued Sept. 25, 1967.

Decided Dec. 18, 1967.

See also D.C., 274 F.Supp. 790; D.C., 278 F.Supp. 241.

---

Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa. (Aaron M. Fine, David Berger, Philadelphia, Pa., on the brief), for appellant.

Harold R. Schmidt, Rose, Schmidt & Dixon, Pittsburgh, Pa., for corporate-defendants, appellees.

Frank L. Seamans, Eckert, Seamans & Cherin, Pittsburgh, Pa., for individual-defendants, appellees.

Hubert I. Teitelbaum, Morris, Safier & Teitelbaum, Pittsburgh, Pa., for American Radiator & Standard Sanitary Corp.

James A. Bell, and Clyde W. Armstrong, Thorp, Reed & Armstrong, Pittsburgh, Pa., for Universal-Rundle Corp.

David B. Buerger, Clayton A. Sweeney, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Pittsburgh, Pa., for Borg-Warner Corp.

Paul J. Winschel, Gilbert J. Helwig, J. Tomlinson Fort, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Kohler Co.

D. Malcolm Anderson, Griggs, Moreland, Blair & Douglass, Pittsburgh, Pa., for Wallace-Murray Corp. and John B. Balmer.

David J. Armstrong, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Rheem Manufacturing Co.

Maurice Wechsler, Pittsburgh, Pa., for Briggs Manufacturing Co.

T. W. Pomeroy, Jr., and W. Walter Braham, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for Plumbing Fixture Manufacturers Assn.

Dale Hershey, Pittsburgh, Pa., for Lawndale · Industries, Inc., Joseph J. Decker and Daniel J. Quinn.

John D. Ray, Ray & Good, Beaver, Pa., for Robert E. Casner.

J. Robert Maxwell, Maxwell, Huss & Weaver, Pittsburgh, Pa., for Stanley Backner.

James C. Kuhn, Jr., Wilner, Wilner & Kuhn, Pittsburgh, Pa., for George W. Kelch.

Alexander Unkovic, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Norman R. Held.

Thomas M. Kerr, Jr., Pittsburgh, Pa., for Robert J. Pierson, Jr.

Elliott W. Finkel, Kaplan, Finkel & Roth, Pittsburgh, Pa., for Gerber Plumbing Fixtures Corp.

Eugene B. Strassburger, Jr., Strassburger & McKenna, Pittsburgh, Pa., for Mansfield Sanitary, Inc.

William J. Kenney, Kenney, Stevens, Clark & Semple, Pittsburgh, Pa., for Kilgore Ceramics Corp.

Harry W. Miller, Royston, Robb, Leonard, Edgecombe & Miller, Pittsburgh, Pa., for Georgia Sanitary Pottery, Inc.

J. Vincent Burke, Jr., Campbell, Thomas & Burke, Pittsburgh, Pa., for Ogden Corp.

Robert E. Wayman, Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for Peerless Pottery, Inc.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Circuit Judge.

This appeal has been taken from an order entered in two criminal antitrust cases in the District Court for the Western District of Pennsylvania, 272 F.Supp. 691, temporarily restraining any further proceedings in certain civil antitrust suits that are pending in the Eastern District of Pennsylvania.

The criminal prosecutions and the civil suits arose out of the same alleged violations of the antitrust laws. The defendants in the civil actions are corporations that are engaged in the manufacture of plumbing fixtures and their trade association. These same corporate defendants and individual corporate officers are the defendants in the criminal prosecution. The indictments were returned October 6, 1966 and the civil actions were filed December 2, 1966.

In the Eastern District civil suit, after interrogatories and a motion to produce documents had been served, the defendant corporations moved to stay all proceedings until the termination of the Western District criminal actions. This motion was denied. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 1967, 269 F. Supp. 540.

Thereafter, in the Western District criminal actions, the corporations, which were defendants in both actions, joined with the corporate officers, who were defendants in the criminal actions only, in the present motion to restrain further proceedings in the civil actions. In addition, the individual criminal defendants asked the court to enjoin them and their corporate codefendants from taking any responsive steps in the civil actions. The court then both temporarily enjoined the civil plaintiffs from requiring answers, discovery or the production of documents and temporarily enjoined the criminal defendants, corporate and individual, from responding to pleadings, interrogatories or motions to produce documents in the civil cases. This appeal by Philadelphia Housing Authority, a plaintiff in one civil action and one of the enjoined parties, testing the injunction for all, followed.

In this case the District Court for the Western District of Pennsylvania has interrupted and enjoined the normal course of procedure in a case pending in the coordinate District Court for the Eastern District of Pennsylvania after the latter court had considered and denied a request for substantially the same interim relief. Within a single circuit where decisions of all district courts are reviewed by a single court of appeals, there is rarely need or justification for action by one district court interfering with the course of litigation pending in another. And certainly, if the injunctive relief sought in the sister court has been

requested by the aggrieved parties and denied in the court whose proceedings are sought to be restrained, the sister court should hold its hand. Cf. Hilton Hotels Corp. v. Weaver, 1963, 117 U.S.App.D.C. 83, 325 F.2d 1010; Trees v. Glenn, 1935, 319 Pa. 487, 181 A. 579, 102 A.L.R. 304. The proper and orderly procedure, which the aggrieved corporations avoided in this case, is an appeal from the court which has first acted on the matter or an application to the reviewing court for a peremptory writ, not resort to another coordinate tribunal.

■ In this way the unnecessary appearance of unseemly conflict between coordinate courts in a single circuit is avoided. Moreover, judicial time is conserved and unnecessary expense is avoided by going directly to the appellate court after the first adverse ruling, rather than seeking a conflicting trial ruling elsewhere with the prospect that in any event the matter in dispute will then be appealed. "The economic waste involved in duplicating litigation is obvious. Equally important is its advese effect upon the prompt and efficient administration of justice. * * * Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties." Crosley Corp. v. Hazeltine Corp., 3d Cir., 1941, 122 F.2d 925, 930.

In addition to the arguments made by all of the criminal defendants, the individual corporate officers urge that their claim to injunctive relief is supported by compelling special considerations. These individuals were not parties to the civil actions or to the unsuccessful motions made therein for stays of proceedings. Thus, the motions made in the criminal action were their first request for relief. Moreover, unlike their corporate codefendants, they have a constitutional privilege against self-incrimination. They express apprehension that this privilege may be violated by discovery in the civil suit. And even if damaging disclosures in the civil case should not involve any

violation of this constitutional right, they contend that the publication of disclosures required by the corporations concerning internal transactions involving the indicted corporate officers is likely to subject the individuals as well as the corporations to unfair prejudice at the criminal trial.

■ The claim of deprivation of constitutional right is not well taken. Admittedly, no effort has been made to take the depositions of the individual criminal defendants, nor is there reason to anticipate any such effort. And should any such effort be made in the court in the civil action and, if necessary, this court can be relied upon to protect the constitutional right.

The other claims of the individual defendants are more substantial. They cannot be faulted for not seeking relief in the civil actions where they were not parties. Thus they, different from the corporate defendants, were entitled to have the merits of their claims adjudicated on first presentation in the criminal actions.

■ On the merits, we know of no rule or equitable principle that protects a defendant in a pending criminal prosecution from the disclosure, by another person in a separate civil action, of evidence which may later become part of the prosecution's case against him. See United States v. Simon, S.D.N.Y.1966, 262 F.Supp. 64, 78, rev'd on other grounds, 2d Cir. 1967, 373 F.2d 649. However, we recognize that widespread publication of such evidence in advance of the criminal trial might hamper the selection of an unbiased jury and thus prejudice the criminal defendant. Here again, we think the civil court, if alerted to any such danger as presented by a particular demand for information can adequately protect the individual defendants against it. Indeed, in denying the motion to stay proceeding the court in the civil action said:

"If, in the future, the criminal action approaches an involved stage and the plaintiff's discovery, pending at that time, reaches such proportions as to

seriously interfere with the defense of the criminal actions, application can readily be made to this court for appropriate relief, such as a short term protective order."

Moreover, disclosures which may indicate the complicity of the defendants, individual or corporate, in the crime charged need not be made available to the media of public information. Indeed, only the civil judge and the civil plaintiffs' counsel need know what is disclosed, and counsel can be expressly enjoined from sharing the information with other persons pending the criminal trial.[1] Of course, the actual trial of the civil case can and should be postponed until after the criminal trial if it appears that the proof of the plaintiffs' case in open court may result in publicity hurtful to the criminal defendants.

We emphasize that the district court before which the civil antitrust suits are pending has not closed the door to any objections the criminal defendants may make to the answering of particular interrogatories or the production of particular documents. If they can show that a response to a particular demand in the civil suit is likely to injure them unfairly in the criminal actions, they are free to do so. The trial court has done no more than to reject blanket claims that procedurally the civil suits should remain at standstill and that no discovery whatever should be permitted until the criminal actions shall terminate.

We find it unnecessary to consider the appellant's contentions that the court below did not acquire personal jurisdiction over it. Neither is it necessary to decide whether any case or controversy was presented by the ingenious request of the individual defendants that they themselves and their cooperating codefendants be restrained from taking the very steps which they wish to avoid.

The judgment of the district court will be reversed and its injunction set aside.

---

1. This is quite unlike the situation in which a party to a criminal prosecution is demanding discovery in a civil suit as a means of obtaining advance disclosure of what the other side will be able to prove in the criminal case. Contrast Campbell v. Eastland, 5th Cir., 1962, 307 F. 2d 478.