**LEHIGH PORTLAND CEMENT COMPANY, Plaintiff,**

v.

**William E. SWOPE et al., Defendants.**
**Civ.-CA No. 71-188.**

United States District Court,
S. D. Florida,
Miami Division.
April 21, 1971.

McCarthy, Steel, Hector & Davis, Miami, Fla. and Kirkland, Ellis, Hodson, Chaffetz, Masters & Rowe, Washington, D. C., and Edward W. Hyland, Allentown, Pa., for plaintiff.

John C. Fricano, U. S. Dept. of Justice, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

ATKINS, District Judge.

This is a proceeding in which the plaintiff seeks to enjoin the defendants, all of whom are special assistants to the Attorney General of the United States, from using before a Grand Jury in this District discovery emanating from an antitrust treble damage action in this court, Southern General Builders, Inc. v. Maule Industries, Inc., No. 67–486–Civ-JE (S.D.Fla.). Plaintiff here is one of eleven corporate defendants in that treble damage action. Pursuant to court-ordered discovery in that cause, not subject to any protective orders, plaintiff produced various documents, some of which were voluntarily submitted to the United States by counsel for the treble damage plaintiffs.

Defendants have moved to dismiss on the ground, inter alia, that the identical issues involving the same parties, have already been decided by this Court (Mehrtens, J., In re: Grand Jury Subpoena to Lehigh Portland Cement Company, Grand Jury No. 84). Such issues were raised, plaintiff alleges, in a motion to quash or modify subpoenae duces tecum denied by Judge Mehrtens on March 3, 1971. The same grounds for relief delineated in the complaint in the case sub judice were also raised by the motion to quash and to modify.

No review was sought of Judge Mehrtens' ruling and on this basis Defendants urge that Lehigh's civil complaint fails to state a claim upon which relief can be granted.

It is clear that *if* the relief sought is substantially the same as that requested of Judge Mehrtens, I must respectfully withhold the relief sought. United States v. American Radiator & Standard Sanitary Corp., 388 F.2d 201 (3d Cir. 1967), cert. denied [Decker v. United States], 390 U.S. 922, 88 S.Ct. 857, 19 L. Ed.2d 983.

In *American Radiator*, certain corporations were defendants in a private treble damage action in the Eastern District of Pennsylvania. They were also defendants in a criminal action in the Western District of Pennsylvania. Both actions arose out of the same violation of the Sherman Antitrust Act. They moved in the civil action for a stay of civil discovery pending the outcome of the criminal case. The motion was denied. The corporate defendants joined by the individual defendants in the criminal case then sought similar relief in the criminal proceeding. Their joint motion was granted by the court. The private plaintiffs appealed to the third circuit where the ruling in the criminal case was reversed. The reasoning of the Court of Appeals is appropriate and is dispositive of Lehigh's collateral attack on Judge Mehrtens' ruling:

* * * Within a single circuit where decisions of all district courts are reviewed by a single court of appeals, there is rarely need or justification for action by one district court interfering with the course of litigation pending in another. And certainly, if the injunctive relief sought in the sister court has been requested by the aggrieved parties and denied in the court whose proceedings are

sought to be restrained, the sister court should hold its hand. Cf. Hilton Hotels Corp. v. Weaver, 1963, 117 U.S.App.D.C. 83, 325 F.2d 1010; Trees v. Glenn, 1935, 319 Pa. 487, 181 A. 579, 102 A.L.R. 304. The proper and orderly procedure, which the aggrieved corporations avoided in this case, is an appeal from the court which has first acted on the matter or an application to the reviewing court for a peremptory writ, not resort to another coordinate tribunal.

In this way the unnecessary appearance of unseemly conflict between coordinate courts in a single circuit is avoided. Moreover, judicial time is conserved and unnecessary expense is avoided by going directly to the appellate court after the first adverse ruling, rather than seeking a conflicting trial ruling elsewhere with the prospect that in any event the matter in dispute will then be appealed. "The economic waste involved in duplicating litigation is obvious. Equally important is its advese [sic] effect upon the prompt and efficient administration of justice. * * * Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties." Crosley Corp. v. Hazeltine Corp., 3d Cir., 1941, 122 F.2d 925, 930. United States of America v. American Radiator & Standard Sanitary Corp., 388 F.2d 201 (1967).

I have carefully reviewed both files, including a transcript of the hearing before Judge Mehrtens. I am convinced the exact issues have already been determined adversely to the plaintiff.

Whether I agree with the prior ruling or not, I am compelled to reject Lehigh's attempt to attack collaterally a decision of another division in this District.

Accordingly, the Defendants' motion is granted and, since this is determinative of the substantive issues presented by the complaint, the complaint is dismissed with prejudice.