**FORMFLEX FOUNDATIONS, INC.,**
**Plaintiff,**

v.

**CUPID FOUNDATIONS, INC.,**
**Defendant.**

**No. 74 Civ. 2622.**

United States District Court,
S. D. New York,
Civil Division.

Aug. 9, 1974.

Armand E. Lackenbach, Mamaroneck, N. Y., for plaintiff.

Hubbell, Cohen & Stiefel, New York City, by Maurice B. Stiefel, New York City, of counsel, Lerner, David, Littenberg & Samuel, Westfield, N. J., by Lawrence I. Lerner, Sidney David, Westfield, N. J., of counsel to Hubbell, Cohen & Stiefel, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This action for a declaration of patent invalidity and non-infringement was filed on June 19, 1974. Two weeks prior thereto, Cupid Foundations, Inc., the defendant in this action, had filed an action for infringement of the same patent in issue here, against J. C. Penney, Inc., a customer of Formflex and against Formflex itself, in the United States District Court for the Southern District of Georgia (Civil Action No. 174–60). On July 17, 1974, Formflex brought on a motion pursuant to Fed.Rule Civ.Proc. 65 to enjoin the Georgia action and Cupid filed a companion motion to stay the New York action pending determination of the earlier Georgia action, or alternatively, to transfer the present action to Georgia for consolidation with Civ. Action No. 174–60.

■ As established in this Circuit, the law is that a district court in which a patent infringement action has been filed may not enjoin a similar action previously filed in another district unless "special circumstances" can be shown to exist. Joseph Bancroft & Sons Co. v. Spunize Co. of America (2d Cir. 1959) 268 F.2d 522.

■ There is he so-called "cususations in which departure from the "first filed" rule of priority is justified. The first instance is the so-called "customer action", where the first filed suit is against a customer of the alleged infringing manufacturer while the second suit involves the alleged infringer himself. Delamere Company v. Taylor-Bell Company (S.D.N.Y.1961), 199 F.Supp. 55. Since the alleged infringer is not a party to the first action he obviously cannot participate therein and thus must bring a second action in order to vindicate his interests.

Although the movants conceded in oral argument that the Georgia action was not a pure customer action since they are a party thereto, they claim nevertheless that the Second Circuit in William Gluckin & Co., Inc. v. International Playtex Corporation (2d Cir. 1969) 407 F.2d 177 approved a separate and independent standard for determining whether the first suit is a customer action. Specifically, they point to the fourteen factors of substance listed by the court in support of its finding that the second filed suit should be given priority, as a recognition by the court of an independent exception to the "first filed" rule of priority. We do not read *Gluckin* to have so held. Rather, those fourteen factors indicating that the balance of convenience supported priority for the second filed suit were merely subsidiary considerations intended to aid the court in the exercise of its discretion once it had already determined that the first suit was a customer action. They do not represent an independent exception to the first filed rule.

The second exception to the general rule is where the patentee is found to be harassing the manufacturer's customers with successive infringement actions in remote districts, rather than locking horns with the manufacturer directly. Kerotest Mfg. Co. v. C–O–Two Co.

(1952) 342 U.S. 180, 186, 72 S.Ct. 219, 96 L.Ed. 200. Formflex's charge of harassment need not detain us long. The patentee has only sued this one time, and it has sued the manufacturer directly, together with one of its customers. This hardly can be characterized as *"in terrorem"* harrassment.

The final situation justifying departure from the general rule is where forum shopping alone motivated the choice of the situs for the first suit. Rayco Mfg. Co. v. Chicopee Mfg. Co. (S.D.N.Y.1957), 148 F.Supp. 588. As noted by Judge Palmieri in *Rayco*, the Second Circuit has a reputation for hostility to patents. As a result, a party wishing to have a patent declared invalid frequently seeks to sue here, while the party suing to enforce its patent will bring his action elsewhere, even if that means suing only a customer of the infringer rather than the infringer himself. *Rayco*, id. at 592. The court observed that whenever a litigant, "whether a swift first or a prompt retaliator", selects a forum with "slight connections" to the facts of his case, he is vulnerable to a charge of forum shopping.

While it may be true that Georgia is a less convenient forum than New York, since both Formflex and Cupid are New York corporations and New York is the principal place of business and the center of both companies' marketing and purchasing activities, the facts are insufficient to justify a finding that Cupid's choice of forum was motivated *solely* by "shopping" considerations. The alleged infringing acts occurred in Georgia and Formflex has a manufacturing facility there.

The proper remedy for Formflex is not, therefore, a motion filed in this court to enjoin the Georgia action, but rather, a motion for change of venue made in the Georgia suit on the ground of forum non conveniens pursuant to 28 U.S.C. § 1404(a).

As the first filed suit does not fall into any of the recognized exceptions to the general rule according priority to the earliest action, we deny the plaintiff's motion to enjoin the Georgia action and grant the defendant's cross-motion to stay the present action pending determination of the first filed suit.

*So ordered.*