Loren **BERGH**, Plaintiff-Appellant,

v.

**STATE OF WASHINGTON et al.,**
**Defendants-Appellees.**

No. 75–1511.

United States Court of Appeals,
Ninth Circuit.

May 3, 1976.

As Amended of Rehearing on Denial
May 27, 1976.

**506**

Anthony Schwab (argued), Seattle, Wash., for plaintiff-appellant.

James M. Johnson, Asst. Atty. Gen. (argued), Olympia, Wash., for defendants-appellees.

## OPINION

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

KENNEDY, Circuit Judge:

Appellant Loren Bergh is a commercial fisherman, duly licensed by the State of Washington. He brought suit seeking injunctive and declaratory relief against the following: the Honorable George Boldt, United States District Judge; Edgar Scofield, Clerk of the District Court for the Western District of Washington; the State of Washington and its Department of Fisheries; and Thor Tollefson, the department director. Appellant challenges certain regulations, promulgated by the State of Washington in response to Judge Boldt's decision in *United States v. State of Washington, 384 F.Supp. 312 (W.Dist.Wash.), aff'd,* 520 F.2d 676 (9th Cir. 1975), *cert. denied,* 423 U.S. 1086, 96 S.Ct. 877, 47 L.Ed.2d 97, 44 U.S.L.W. 3428 (1976). Appellant claims that the regulations give Indian fishermen greater fishing rights than non-Indian fishermen and that this constitutes unlawful discrimination on the basis of race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1983, and the fourth article and fourteenth amendment of the Constitution. Specifically appellant sought to enjoin (1) Judge Boldt from ordering the State of Washington to promulgate regulations favoring Indian fishermen, (2) Edgar Scofield from filing any such order, and (3)

* Honorable William J. Jameson, United States District Judge for the District of Montana, sitting by designation.

Thor Tollefson and the Washington State Department of Fisheries from adopting and enforcing such regulations. The district court dismissed the action in a memorandum order dated November 6, 1974. We affirm.

When an injunction sought in one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases. *Kahn Co. v. Switzer Bros.*, 201 F.2d 55 (6th Cir. 1952). Where, as here, the two federal courts are of coordinate jurisdiction, and their decisions are reviewed by the same Court of Appeals, the issuance of such an injunction is rarely, if ever, justified. *United States v. American Radiator & Standard Sanitary Corp.*, 388 F.2d 201, 203–04 (3d Cir. 1967), *cert. denied*, 390 U.S. 922, 88 S.Ct. 857, 19 L.Ed.2d 983 (1968). In such cases, "[t]he proper exercise of restraint in the name of comity keeps to a minimum the conflicts between courts administering the same law, conserves judicial time and expense, and has a salutary effect upon the prompt and efficient administration of justice." *Brittingham v. Commissioner*, 451 F.2d 315, 318 (5th Cir. 1971).

The injunction against Judge Boldt and Clerk Scofield was properly denied on the further ground that appellant lacks standing to affect the disposition of an action to which he is not a party. The proper course would have been to seek intervention. Fed.R.Civ.P. 24.

Dismissal of the complaint against the State of Washington and its officials was also proper. While the promulgation of regulations by the State of Washington may result in future injury to appellant, the constitutional challenge to the regulation is not ripe for decision in the present posture of this case. *See Communist Party of the United States v. Subversive Activities Control Board*, 367 U.S. 1, 70–81, 81 S.Ct. 1357, 1396, 6 L.Ed.2d 625, 673 (1961); *Poe v. Ullman*, 367 U.S. 497, 500–509, 81 S.Ct.

1752, 1754, 6 L.Ed.2d 989, 994 (1961) (opinion of Frankfurter, J.); *United Public Workers of America v. Mitchell*, 330 U.S. 75, 86–91, 67 S.Ct. 556, 562, 91 L.Ed. 754, 765 (1947); *Rincon Band of Mission Indians v. County of San Diego*, 495 F.2d 1, 2–7 (9th Cir. 1974). We note, moreover, that the propriety of these regulations was concurrently being considered by Judge Boldt in *United States v. State of Washington*. As Mr. Justice Harlan has noted, "A court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 155, 87 S.Ct. 1507, 1519, 18 L.Ed.2d 681, 695 (1967). The dismissal of the complaint was therefore proper as to all parties, and is hereby affirmed.

CHAMBERS, Circuit Judge (concurring):

I concur in Judge Kennedy's opinion.

He has said all that is necessary to dispose of the case.

However, there are other problems with the case. Without arguing them or listing all of them, I suggest a couple:

1. How on earth could the clerk of the district court be a proper party?

2. How could Judge Boldt be a proper party? (Counsel in oral argument seemed to suggest it could be done by simply calling Judge Boldt by the name of "Mr. Boldt.")

In a proper case, mandamus might lie, but that is not available for a collateral attack.