**COMMON CAUSE et al., Plaintiffs,**

v.

**JUDICIAL ETHICS COMMITTEE et al., Defendants.**

**Civ. A. No. 79–1393.**

United States District Court, District of Columbia.

July 26, 1979.

Kenneth J. Guido, Jr., Ellen G. Block, and Donald J. Simon, Washington, D. C., for plaintiffs.

Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Neil H. Koslowe, Washington, D. C., for defendants.

MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case presents the Court with interesting questions of comity and subject matter jurisdiction. Plaintiff, Common Cause, is a non-profit membership organization organized to promote social welfare and civic betterment. It is joined in this suit by two private citizens, David Cohen and Nan Waterman. Together, they seek to compel the defendants, the Judicial Ethics Committee ("JEC") and its chairman, the Honorable Edward A. Tamm, United States Circuit Judge for the District of Columbia Circuit, to publicly disclose financial reports which

were filed with the JEC pursuant to 28 U.S.C. App. § 303(b). Because the defendants are presently bound by a prior order of another federal court, and that order prohibits the disclosure which the plaintiffs seek, this Court is persuaded that the interests of comity require the dismissal of plaintiffs' suit.

## I. BACKGROUND

On May 14, 1979, the Honorable Adrian Duplantier, a United States District Judge sitting in the Eastern District of Louisiana, filed a class action seeking to restrain the United States of America from releasing certain financial reports which members of the judiciary had filed with the JEC pursuant to 28 U.S.C. App. § 303(b). The filing of these reports had been mandated by the Ethics in Government Act of 1978, Pub.L. No.95–521, §§ 301–309, 92 Stat. 1851–61 (codified at 28 U.S.C. App. §§ 301–309); Judge Duplantier complained that portions of the Act which relate to the federal judiciary violate the constitutional principle of separation of powers. By order of May 15, 1979, the United States District Court for the Eastern District of Louisiana granted Judge Duplantier's motion for a temporary restraining order, thereby enjoining the United States of America "from enforcing in any manner Public Law Number 95–521, 92 Stat. 1851 (1978), as it applies to United States Judges appointed pursuant to Article III of the Constitution of the United States . . . ." Order, *Duplantier v. United States*, No. 79–1735 (E.D.La. May 15, 1979). After the issuance of the temporary restraining order, Judge Duplantier amended his complaint to add the two defendants in this case, the JEC and the Honorable Edward A. Tamm. Supplemental and Amending Complaint, *id.* (E.D.La. May 24, 1979). One week later, Common Cause, a plaintiff herein, sought leave to intervene in the proceedings, but the Court denied its motion. Order, *id.* (E.D.La. May 31, 1979). The court, however, did permit Common Cause to continue to participate in the proceedings as an amicus curiae. *Id.*

In due course, Judge Duplantier moved for a preliminary injunction and the court held a hearing on his motion. The order which resulted from that hearing forms the basis of the parties' dispute in this case. The Louisiana court ruled that it lacked personal jurisdiction over both the JEC and the Honorable Edward A. Tamm and thus could not grant Judge Duplantier the relief which he was seeking. Accordingly, the court denied his motion for a preliminary injunction; it decided, however, to stay the enforcement of the disclosure laws pending appeal of its ruling regarding *in personam* jurisdiction. *See* Fed.R.Civ.P. 62(c). In other words, even though the district court found that it lacked personal jurisdiction over the JEC and its chairman, it issued an order restraining them from disclosing the financial reports submitted by members of the judiciary, until such time as the matter was either resolved on appeal or presented to a court which possessed the requisite authority. Order, *Duplantier v. United States*, No. 79–1735 (E.D.La. June 4, 1979). The defendants in this suit have appealed the district court's stay to the United States Court of Appeals for the Fifth Circuit, and their appeal is currently pending before that court.

On May 24, 1979, the plaintiffs herein filed this suit in the District of Columbia. Seeking enforcement of the statutory obligations of the JEC and its chairman, they demanded the disclosure of the same financial records which were at issue in the Louisiana proceedings. They asserted that the federal court in Louisiana lacked jurisdiction over the defendants in this suit and was therefore absolutely without power to bar disclosure of the records. Subsequent to the filing of this suit, the court in Louisiana vacated its temporary restraining order and issued the stay which, at present, binds the defendants. The federal court in Louisiana reached the conclusion urged by the plaintiffs herein, i. e., that personal jurisdiction over the JEC and the Honorable Edward A. Tamm was wanting; plaintiffs rely on that holding in filing their motion for summary judgment. In essence, they contend that the district court's acknowl-

edgement of its own lack of jurisdiction, deprives it of authority to regulate any conduct by the JEC. Accordingly, they conclude, the district court's stay is a mere nullity. The defendants, however, submit that they are bound by the district court's order. They have filed a motion to dismiss the plaintiffs' complaint on the grounds that the relief sought therein would subject them to inconsistent and conflicting court orders. This Court is persuaded that the interests of comity require the acknowledgement of the binding nature of the court order issued on June 4, 1979. Accordingly, plaintiffs' motion for summary judgment shall be denied and defendants' motion to dismiss is granted.

## II. THE INTERESTS OF COMITY REQUIRE THE DISMISSAL OF PLAINTIFFS' COMPLAINT

Defendants seek to dismiss plaintiffs' complaint on the ground that it would be improper for this Court to award plaintiffs the relief which they seek because that relief would necessarily conflict with the order of June 4, 1979 issued by the United States District Court for the Eastern District of Louisiana. Defendants concede the existence of their statutory obligation and assert that, absent the order of June 4, 1979, they would be more than willing to release the financial records sought by the plaintiffs. Plaintiffs, on the other hand, contend that the order of June 4, 1979, does not really bind the defendants because the district court in Louisiana, by its own admission, lacked personal jurisdiction over the JEC and its chairman. Thus, according to the plaintiffs, their complaint presents the following question: whether a district court (the one in Louisiana) still has the power to issue binding orders once it has made an initial determination of the jurisdictional issue and found no jurisdiction. This Court, however, is unable to accept plaintiffs' characterization of the question presented. It finds that plaintiffs' analysis of the issue before the Court fails to take into account critical considerations of comity; it finds further that once the significance of comity has been recognized, the need for dismissal becomes clear.

The question which plaintiffs propose to this Court is, in fact, the question which confronted the district court in Louisiana and which is also presently before the Fifth Circuit court of appeals. The question raised by this case is somewhat different from the one in Louisiana; here, the Court must determine whether one district court may ignore the holding of another district court that it had authority to issue binding orders pending the appeal of its determination that it lacked jurisdiction. This Court believes that the interests of comity mandate respect for the holding of a sister court when a de novo review has the potential effect of subjecting one party to conflicting orders from two courts of comparable jurisdiction and authority. Although the jurisdictional finding of the district court in Louisiana may make its stay unusual, that court's decision is certainly not without precedent. Moreover, there is a large body of well-reasoned authority regarding the proper role for one district court in matters which are already the subject of an injunction by a sister court.

In *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971), the Fifth Circuit reviewed an injunction issued by a Texas district court barring the defendant from making certain motions before a New York District Court which had itself already issued an injunction in the matter. The court of appeals recognized the significance of a trial court's continuing power to supervise its own injunctions and held that the Texas court should not have interfered with this power. The court explained:

> When a court is confronted with an action that would involve it in a serious interference with or usurpation of this continuing power, "considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction . . . ."

439 F.2d at 408 (footnote omitted). More recently, the Ninth Circuit stated the following rule: "When an injunction sought in

one federal proceeding would interfere with another federal proceeding, considerations of comity require more than the usual measure of restraint, and such injunctions should be granted only in the most unusual cases." *Bergh v. State of Washington,* 535 F.2d 505, 507 (9th Cir.), *cert. denied,* 429 U.S. 921, 97 S.Ct. 318, 50 L.Ed.2d 288 (1976). *See also Hilton Hotels Corp. v. Weaver,* 117 U.S.App.D.C. 83, 325 F.2d 1010 (1963), *cert. denied,* 376 U.S. 951, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964); *Florida v. United States,* 285 F.2d 596, 604 (8th Cir. 1960). In the present case, it is clear that the injunction sought by the plaintiffs would certainly interfere with the one already issued by the district court in Louisiana. The federal court in the eastern district of that state has already examined the question of its power to enter the stay which presently binds the defendants. This Court must, in the interest of comity, defer to the judgment of its sister court. To do otherwise, would be tantamount to having this Court sit as an appellate court, reviewing the decision of another trial court. The collateral attack on the judgment in Louisiana which the plaintiffs attempt here is totally inappropriate; the proper forum for their objections, as well as those of the JEC and its chairman, is the United States Court of Appeals for the Fifth Circuit. There has been no indication that the JEC is in collusion with the Louisiana plaintiffs and thus there is no reason to doubt the ability of the Fifth Circuit to resolve the questions proposed by the parties herein.

Moreover, it is equally clear that the decision of the trial court to enter a stay subsequent to its finding regarding the absence of jurisdiction is not at all inappropriate. Rule 62(c) of the Federal Rules of Civil Procedure empowers district courts to enter injunctions during the pendency of an appeal "from an interlocutory or final judgment granting, dissolving, or *denying* an injunction." (emphasis added). As Professors Wright and Miller explain, the rule permits the issuance of an injunction whenever there is reason to believe that an appeal will be taken, even before the actual notice of appeal has been filed. Wright & Miller, 11 Federal Practice and Procedure § 2904, at 324 (1973). The power to issue such an injunction is, of course, necessary to preserve the status quo pending appeal. For example, in the case before the district court in Louisiana, the denial of an injunction pending appeal could have permanently barred Judge Duplantier from receiving the relief which he sought. In order for the plaintiff to retain a meaningful right of appeal, the district court was forced to stay disclosure until the Fifth Circuit determined the jurisdictional issues. The district court's finding regarding jurisdiction is certainly not a clear bar to the issuance of a stay. Indeed, other courts have recognized that injunctions are necessary to insure appellate review of trial court findings regarding jurisdiction; these courts have unequivocally upheld the issuance, pending appeal, of injunctions binding upon parties over whom the trial court has already conceded its lack of jurisdiction. *See, e. g., Chicago and North Western Railway Co. v. United Transportation Union,* 422 F.2d 979, 983 (7th Cir. 1970), *rev'd on other grounds,* 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971).

This Court, of course, makes no finding regarding the propriety of the district court's stay. That task is left to the court of appeals for the Fifth Circuit. This court holds merely that the stay entered in the eastern district of Louisiana is not without support of precedent. It also holds the interests of comity compel deference to the court entering the original stay binding the defendants. Accordingly, this Court is unable to grant plaintiffs the relief which they seek. As a result, their complaint must be dismissed.

## III. CONCLUSION

For the reasons stated in the foregoing memorandum opinion, the Court denies plaintiff's motion for summary judgment and grants defendants' motion to dismiss.