## WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellant,

v.

## Frank RAGONESE, d/b/a Square Construction Company and La Fera Contracting Company, et al.

### No. 79–1555.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 7, 1979.

Decided Jan. 25, 1980.

Rehearing Denied Feb. 25, 1980.

---

Leonard Petkoff, Washington, D. C., with whom William A. Hicks, Washington, D.C., was on brief, for appellant.

Robert H. Hunt, Washington, D. C., with whom John B. Tacke, Washington, D. C., was on brief, for appellee Ragonese, et al.

Mark B. Goodwin, Washington, D. C., with whom James V. Dolan and Jeffrey P. Moran, Washington, D. C., were on brief, for appellee Maryland Cas. Co.

Before BAZELON, Senior Circuit Judge, TAMM, Circuit Judge, and HAROLD GREENE,* U.S. District Judge for the District of Columbia.

Opinion for the court filed by TAMM, Circuit Judge.

TAMM, Circuit Judge:

The Washington Metropolitan Area Transit Authority (WMATA) appeals from an order entered by Judge John Lewis Smith, Jr., of the United States District Court for the District of Columbia dismissing WMATA's action to enforce a contract between it and Square/La Fera, a joint venture consisting of Frank Ragonese, doing business as Square Construction Company, and La Fera Contracting Company. We agree with Judge Smith that WMATA could not obtain enforcement of its contract until it had been determined when WMATA's contractual rights, if any, would accrue, and that proceedings capable of making this determination were already pending before the United States District Court for the Eastern District of Virginia. Therefore, we affirm the order dismissing the case without prejudice.

I

This action arises from a construction contract concluded by WMATA and Square/La Fera in 1972. Maryland Casualty Company (Casualty), also a defendant in this case, acted as a surety under the contract, bonding Square/La Fera's performance. In 1974 WMATA's contracting officer terminated the agreement, citing an alleged default by Square/La Fera. The Army Corps of Engineers' Board of Contract Appeals, which WMATA had designated to review decisions made by its contracting officers, sustained the termination and fixed damages. WMATA's general manager adopted this decision.

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

Pursuant to the dispute provisions of the contract, Square/La Fera filed a complaint in the District Court for the Eastern District of Virginia requesting judicial review of WMATA's determinations.[1] Seven days later, WMATA filed this action in the District Court for the District of Columbia to enforce WMATA's internal decisions that termination was proper and that damages were due. WMATA believes that it is entitled to payment of the damages pending resolution of the issues on review. Square/La Fera believes that it owes nothing until the review proceedings have run their course through the judicial system, but before Judge Smith argued only that the matter was then before the court in Virginia. After surveying this situation, Judge Smith concluded that the timing of payment was an issue that properly could be raised before the district court in Virginia, which was already considering WMATA's entitlement to the damages. He therefore dismissed the action to enforce the contract immediately, without prejudice to WMATA's refiling once the issues of whether and when it could file were resolved.[2]

## II

■ WMATA's action to enforce its right to damages does not accrue until its entitlement to payment is established. *Cf., e. g., Communist Party of the United States v. Subversive Activities Control Board,* 367 U.S. 1, 71, 79, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (Communist Party not entitled to challenge regulatory aspects of statute until its rights were actually threatened). Proceedings to determine that entitlement were already underway in the Eastern District of Virginia when WMATA sought enforcement in the district court in the Dis-

trict of Columbia. When that entitlement arises—that is, whether it arises when WMATA makes its decision, or alternatively, when judicial review is complete—is a closely related question that could be raised in the Virginia proceedings, and its resolution determines when WMATA may seek enforcement. With a decision that WMATA's rights have matured being a prerequisite to enforcement and with that question pending before another court, Judge Smith acted within his discretion when he dismissed the action in his court for now but left WMATA the opportunity to refile once it became entitled to immediate payment.

■ Judge Smith's ruling finds ample support in traditional notions of comity. For more than three decades the rule in this circuit has been that "[w]here two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first . . . ." *Speed Products Co. v. Tinnerman,* 83 U.S.App.D.C. 243, 245, 171 F.2d 727, 729 (D.C.Cir.1948), *quoted in Food Fair Stores, Inc. v. Square Deal Market Co.,* 88 U.S.App.D.C. 176, 177, 187 F.2d 219, 220 (D.C.Cir.1951). *See Continental Grain v. Barge FBL–585,* 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously. *Hilton . Hotels Corp. v. Weaver,* 117 U.S.App.D.C. 83, 83, 325 F.2d 1010, 1010 (D.C.Cir.1963) (per curiam), *cert. denied,* 376 U.S. 951, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964).

This rule applies despite Casualty's absence from Square/La Fera's suit before the district court in Virginia. Although in general the comity doctrine "does not con-

---

1. Congress has provided that "[t]he United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against" the Washington Metropolitan Area Transit Authority (WMATA). Act of Nov. 6, 1966, Pub.L.No. 89–774, § 4, 80 Stat. 1324 (codified at D.C.Code § 1–1434 (1973)).

2. The Eastern District of Virginia has upheld WMATA's claims, and Square/La Fera's appeal of that decision is now pending before the United States Court of Appeals for the Fourth Circuit. *See Square Constr. Co. v. WMATA,* No. 79–1510 (4th Cir., filed Aug. 22, 1979). These developments, however, have no bearing on the propriety of Judge Smith's ruling when made or on our review of that decision now.

template that fundamental rights of citizens will be adjudicated in forums from which they are absent," *Consumers Union of the United States, Inc. v. Consumer Product Safety Commission,* 192 U.S.App. D.C. 93, 103, 590 F.2d 1209, 1219 (D.C.Cir. 1978), a surety fully aware of its principal's suit presents an exceptional situation. In *Stovall v. Banks,* 77 U.S. (10 Wall.) 583, 19 L.Ed. 1036 (1870), the Supreme Court declared a surety bond by a suit against its principal in which the surety had notice but was not a party. Subsequent federal decisions have held the surety's case controlled by a prior judgment against the principal unless the surety contract was defective, the judgment was outside the scope or operation of the bond, or the surety lacked notice of the prior proceeding. *See Whelan v. McCullough,* 4 App.D.C. 58, 64–65 (D.C. Cir.1894); *Broder v. Hartford Accident & Indemnity Co.,* 106 F.Supp. 343, 346 (D.D.C. 1952). Thus at the time of Judge Smith's ruling, the district court in Virginia was fully capable of rendering a decision conclusive as to Casualty; Casualty's participation in a later action would not require a fresh judicial construction of the contract.

### III

In sum, Judge Smith recognized that enforcement of the contract would be premature prior to the contract's interpretation and that the process of interpretation had already commenced in a court of equal authority. He concluded correctly that this circuit's "first-to-file" rule mandated permitting Square/La Fera's suit to run its course before hearing a WMATA enforcement action.[3] Accordingly, the order of the district court dismissing WMATA's suit is

*Affirmed.*

---

**3.** We are aware of the potential financial gain WMATA has lost because of Judge Smith's ruling. WMATA could have invested the damages it claims at a rate of return far in excess of the statutory interest rate WMATA may ultimately recover. Nevertheless, if WMATA wishes to eliminate this problem, it can negotiate the terms of its future construction contracts accordingly.