SUMMAGRAPHICS
CORPORATION, Plaintiff,

v.

The UNITED STATES, Defendant,

v.

GTCO CORPORATION, Third
Party Defendant.

No. 628–84C.

United States Claims Court.

June 22, 1988.

James David Jacobs, New York City, for plaintiff.

B. Frederick Buchan, Jr., Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant.

Dale Lazar, Washington, D.C., for third party defendant.

## ORDER

FUTEY, Judge.

Plaintiff Summagraphics filed a suit in this court on December 3, 1984. The complaint alleged that defendant United States was utilizing digitizers which were covered by U.S. Patent No. 3,904,822 ('822 patent), owned by the plaintiff. The complaint also named the GTCO Corporation as manufacturer and supplier of the alleged infringing digitizers. Pursuant to Rule 14 Notice, the U.S. brought GTCO Corporation into this action as a third party defendant.

In March 1987, approximately two years after the Claims Court action was filed, a related suit was brought by the plaintiff directly against the third party defendant (GTCO) in the United States District Court for the District of Maryland alleging infringement of the '822 patent. On April 12, 1988, GTCO filed a motion for a stay of proceedings in this court.

The United States' Response to GTCO Corporation's Motion for Stay was filed as a supporting brief on April 28, 1988. The Plaintiff's Memorandum in Opposition to Third–Party Defendant's Motion For Stay was filed on April 29, 1988. GTCO filed its Reply to Plaintiff's Opposition to Motion for Stay on May 10, 1988.

A telephone conference was held on Thursday, April 28, 1988. Having reviewed all the briefs and arguments

presented, GTCO's motion is denied for the reasons stated herein.

■ The third party defendant claims that judicial economy will be served if the action in this court is stayed until the related action is decided by the United States District Court for the District of Maryland. In support of this position GTCO asserts that the requirements of an equitable stay of proceedings have been satisfied—(1) the parties are the same, (2) the issues are the same and (3) the balance of convenience favors that forum over this. Although the United States is not a party to the district court action, GTCO claims that in all practicality the parties are identical, since the United States is fully indemnified. GTCO also claims that the issues are identical and that judicial economy can best be served by proceeding in the district court action since that court is also considering a counterclaim against the plaintiff. GTCO's last argument involves the issue of fairness and the customer exception to the "first to file" rule—that if the first action involves the customer (U.S.), and the second action involves the manufacturer (GTCO), then the second action is allowed to proceed. *Codex v. Milgo Electronic Corp.*, 553 F.2d 735 (1st Cir.1977).

Plaintiff argues that because the district court action was brought more than two years after the Claims Court suit, the prior action in this court should be allowed to proceed. In this connection, GTCO's customer exception argument is inapplicable when the manufacturer (GTCO) is also involved in the first action. *Formflex Foundations, Inc. v. Cupid Foundations, Inc.*, 383 F.Supp. 497, 498 (S.D.N.Y.1974). Plaintiff also points out that due to the absence of the defendant (U.S.) in the district court action, the parties are not identical. Therefore, one of the basic requirements for allowing a stay of proceedings has not been fulfilled. The absence of the United States in the district court action would have the further consequence of barring the application of collateral estoppel against the United States in this court. *Blonder–Tongue Lab., Inc. v. Univ. of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

■ The court agrees with plaintiff that a stay of proceedings should not be granted in this situation. An order to stay proceedings is discretionary, and absent a showing of a balance of convenience favoring the later action or unless there are special circumstances, the first filed suit is presumed to have priority over subsequent actions. *Bankers Trust Co. v. Chatterjee*, 636 F.2d 37 (3rd Cir.1980). Moreover, it is well settled that a stay of proceedings may be granted for duplicative litigation only "where two cases between the *same parties* on the *same cause of action* are commenced in two different Federal courts....", *Washington Metropolitan Area Transit Authority v. Frank Ragonese, et al.*, 617 F.2d 828, 830 (D.C.Cir. 1980), *quoted in Food Fair Stores, Inc. v. Square Deal Market Co.*, 187 F.2d 219, 220 (D.C.Cir.1951). (Emphasis added). The parties in the two actions at issue cannot be considered the same because the United States is a defendant in this court, and it is not a party in the district court suit.

The validity of the '822 patent is at issue both in this court and the district court. However, the district court will also decide GTCO's counterclaim. This court lacks jurisdiction over GTCO's counterclaim and the suit as a whole, since it involves the sale of goods by a private party to non-governmental customers. Additionally, the application of collateral estoppel against the United States will not be possible since the United States is not a party to the district court action. Thus, it would not be an efficient use of judicial resources to grant a stay of proceedings in the case at bar.

It should also be noted that the district court action was commenced more than two years after this action was initiated. Courts have traditionally stayed a prior action in favor of a later action only when the criteria discussed above have been met and when the second action was filed within a reasonable time after the first action. A two-year time span cannot be considered to be "reasonable" in this situation.

Therefore, the third party defendant's motion for a stay of proceedings in this court is denied.

IT IS SO ORDERED.