887 F.2d 332
 281 U.S.App.D.C. 104
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Honorable Alcee L. HASTINGS, Appellant,
v.
UNITED STATES SENATE, et al.
Walter L. NIXON, Jr., Appellant,
v.
UNITED STATES SENATE, et al.
 Nos. 89-5188, 89-5191.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 18, 1989.
 
 Before RUTH B. GINSBURG, SILBERMAN and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 Plaintiffs-Appellants Judge Alcee L. Hastings and Judge Walter L. Nixon, Jr., filed complaints in the United States District Court for the District of Columbia seeking preliminary injunctive and declaratory relief against the United States Senate, the Hastings Impeachment Trial Committee, the Secretary of the Senate, and the Public Printer. By a July 5, 1989 Memorandum and Order, the district court dismissed both complaints. Judge Hastings and Judge Nixon appeal from that dismissal order. Their appeals have been briefed and argued in this court.
 
 
 2
 After full consideration of the parties' presentations, and with due respect for the United States Senate, which is on the eve of commencing the final stage of impeachment proceedings against each appellant, this court has determined that abbreviated disposition without published opinion is appropriate. See D.C.Cir.R. 14(c).* For the reasons indicated in the accompanying memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the July 5, 1989 Order from which these appeals have been taken be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely position for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 5
 Appellants' claims are premature. They tender issues sub judice in proceedings currently before the United States Senate, the body charged by the Constitution with authority over those issues. See U.S. Const. art. I., Sec. 3, cl. 6. They seek immediate and definitive judicial resolution of those issues despite the contingent nature of most of their injuries while the matter remains before the Senate.
 
 
 6
 This circuit, like its sisters, follows the basic rule that a federal court should not hinder or encroach upon an action concerning the same issues pending in a coordinate federal court. "Considerations of comity and orderly administration of justice dictate that two courts of equal authority should not hear the same case simultaneously" absent extraordinary circumstances. See Washington Metro. Area Transit Auth. v. Ragonese, 617 F.2d 828, 830 (D.C.Cir.1980); Bergh v. Washington, 535 F.2d 505, 507 (9th Cir.), cert. denied, 429 U.S. 921 (1976); Brittingham v. Commissioner, 451 F.2d 315, 318 (5th Cir.1971); United States v. American Radiator & Standard Sanitary Corp., 388 F.2d 201, 203-04 (3d Cir.1967), cert. denied sub nom. Decker v. United States, 390 U.S. 922 (1968); Kahn v. Switzer Bros., 201 F.2d 55 (6th Cir.1952). Nor may a federal court enjoin an ongoing state enforcement proceeding absent a showing of irreparable injury both great and immediate. See Pennzoil v. Texaco, 481 U.S. 1 (1987); Younger v. Harris, 401 U.S. 37 (1971); Douglas v. Jeannette, 319 U.S. 157, 164 (1943); see also 28 U.S.C. Sec. 2283.
 
 
 7
 In these cases, in which the Senate sits as the constitutionally-designated court of impeachment, we should be at least as hesitant to interrupt proceedings in progress as we would be to interrupt proceedings underway in a state or coordinate federal court. Cf. Adams v. Vance, 570 F.2d 950, 954-56 (D.C.Cir.1978) ("exceptionally strong showing" required for preliminary injunctive relief that would interfere with "core concerns" of a co-equal federal branch). Indeed, appellants have not identified and we have not found any case in which the judiciary has issued injunctive or declaratory relief intercepting ongoing proceedings of the legislative branch.[1]
 
 
 8
 Appellants have not shown a threat of great and immediate irreparable harm. In the circumstances presented, we believe it evident that the judges' claims are not ripe for review. Most of their alleged injuries are contingent on future Senate action, which may allow us to pretermit difficult constitutional issues. See Rail Reorganization Act Cases, 419 U.S. 102, 138 (1974). The Senate may revisit its interim decisions before rendering its final judgment on the impeachments. We therefore confront still modifiable rulings on requested procedures and/or attorneys fee payments. And Judge Hastings is in no worse position with regard to his claim of double jeopardy than a defendant in state court who must await a final judgment by the highest court in the state's judicial system before the Supreme Court will review the issue. See Rankin v. State, 78 U.S. (11 Wall.) 380 (1871).[2]
 
 
 9
 We also reject appellants' suggestion at oral argument that we hold this case in abeyance until the Senate renders final judgments in the two impeachments. The preemptive relief sought and denied in the district court would not be the thrust of a renewed complaint. Should appellants be convicted, they will be positioned to reassess, without generating avoidable friction, the content of their complaints, the forum in which to lodge their cases, and the defendants appropriately sued.
 
 
 10
 We underscore, in conclusion, that we have reached no question going to the merits of appellants' challenges. We rule solely that considerations of ripeness and vital comity concerns, fundamental to our federalist system and the balance of power our Constitution establishes, preclude judicial intervention at this juncture.
 
 
 
 *
 The court has also consolidated the cases for the purposes of this judgment
 
 
 [1]
 When a court is asked to interfere with a pending proceeding, the same principles govern the propriety of injunctive and declaratory relief. See Samuels v. Mackell, 401 U.S. 66, 73 (1971)
 
 
 [2]
 Abney v. United States, 431 U.S. 651, 656-62 (1977), is not to the contrary because the principles of comity, informed by separation-of-powers concerns, that animate our decision here are not present in cases of federal appellate court interlocutory review of district court judgments