FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAUN ROSIERE,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 16-1100
(D.C. No. 1:16-CV-00143-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Shaun Rosiere appeals the district court's dismissal of his Freedom of

Information Act ("FOIA") pro se complaint as duplicative of other complaints he

filed in the District of Nevada and the District of New Jersey.[1] Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe pro se filings, *see Erickson v. Pardus*, 551
U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," *Yang v.
Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also
United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion

On January 19, 2016, Mr. Rosiere sued in the District of Colorado, alleging several federal agencies failed to timely respond to his multiple FOIA requests. The district court took judicial notice of two other complaints Mr. Rosiere had filed: one in the District of Nevada on November 16, 2015 (*Rosiere v. US*, 2:15-cv-02187 (D. Nev.)) and the other in the District of New Jersey on January 19, 2016 (*Rosiere v. US*, 3:16-cv-341 (D. N.J.)). In each of his three complaints, he alleged FOIA violations and attached identical FOIA requests.

The court ordered Mr. Rosiere to show cause why his case should not be dismissed as duplicative of these other cases. He responded that the FOIA requests he attached to his complaints in the Districts of Nevada and New Jersey were sent to agencies on different days than the FOIA requests he attached to his District of Colorado complaint. The district court dismissed his complaint.

We review for abuse of discretion the district court's dismissal of Mr. Rosiere's complaint as duplicative of his other federal complaints. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("District courts have discretion to control their dockets by dismissing duplicative cases."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("A district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation." (quoting *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952))).

---

. . . arguments for [pro se litigants]," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

"Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." *Trippe*, 46 F.3d at 629. "As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Under this principle, "[w]here two cases between the same parties on the same cause of action are commenced in two different [f]ederal courts, the one which is commenced first is to be allowed to proceed to its conclusion . . . ." *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (quotations omitted, first brackets in original). "[F]or an action to be 'duplicative' of another, so as to warrant its dismissal for that reason alone, the one must be materially on all fours with the other." *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994).

Mr. Rosiere contends the district court misapplied FOIA, which requires agencies to create "individualized tracking numbers" for each FOIA request. 5 U.S.C. § 552(7)(A). He seems to argue this language in § 552(7)(A) means he may sue for identical FOIA requests in two separate courts so long as each FOIA request is made on a separate date and assigned an individualized tracking number. But FOIA does not allow a party to seek "orders from two different judges directing the production of the same documents." *UtahAmerican Energy*, 685 F.3d at 1124; *see also Beck v. Dep't of Justice*, No. 88-3433, 1991 WL 519827, at *5 (D.D.C. Jan. 31, 1991) (declining to rule on a FOIA request for certain documents because those documents overlapped with documents sought in a suit filed in another court).

Mr. Rosiere's FOIA requests underlying the complaints he filed in three separate federal district courts are identical except for their dates.[2] Notwithstanding the different dates, the district court correctly concluded his complaint was "materially on all fours," *Cong. Credit Corp.*, 42 F.3d at 689, with the complaints he filed in the Districts of Nevada and New Jersey. The District of Colorado complaint was also not the first he filed in federal court—he filed the District of Nevada complaint approximately two months before filing in the District of Colorado. The district court therefore did not abuse its discretion in dismissing Mr. Rosiere's complaint.

For the foregoing reasons, we affirm. We also deny Mr. Rosiere's motion for leave to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge

---

[2] Like the district court, we take judicial notice of the complaints Mr. Rosiere filed in the Districts of Nevada and New Jersey. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").