FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAUN ROSIERE,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 16-1313
(D.C. No. 1:16-CV-01251-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Shaun Rosiere, proceeding pro se and in forma pauperis, alleges that the

Department of Justice (DOJ) violated the Freedom of Information Act (FOIA), 5 U.S.C.

§ 552, by failing to respond to his requests for records.  The United States District Court

for the District of Colorado dismissed his complaint as malicious.  Mr. Rosiere appeals.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

## I.    BACKGROUND

Mr. Rosiere is a resident of Las Vegas, Nevada, who apparently was once incarcerated at the Federal Prison Camp (FPC) and Administrative Maximum Facility (ADX) in Florence, Colorado, and has served (and may still be serving) a term of supervised release in Las Vegas. He filed five FOIA requests on March 16, 2016. All requests were made to the DOJ in Washington, D.C. They related to his legal mail and phone calls while incarcerated and his travel requests while on supervised release. Two were for "[a] copy of all document(s) related to Shaun Rosiere Reg #43651048 legal Mail, I am looking for the page(s) in the legal mail log at FPC Florence, from 08-03-2010 through 12-30-2011"—one was for those records located at "Federal Detention Center; Philadelphia, PA 19106" and the other for those records located at FPC and ADX. Compl., June 6, 2016, at Exs. 35, 36. He also made two requests for:

> A copy of all document(s) related to Shaun Rosiere Reg # 43651048 legal phone calls, I am looking for the page(s) in the legal phone call log at FPC Florence, from 08-03-2010 through 12-30-2011. Also a list of all numbers and names of all phone numbers put on the phone system for mailing or for general mail and for general calls. For the same periods of time.

*Id.* at Exs. 37, 39. Again, one was for those records located at "Federal Detention Center; Philadelphia, PA 19106" and the other for those records located at FPC and ADX. *Id.* Finally, Mr. Rosiere requested "[a] copy of all document(s) [located at the U.S. Probation Office in Las Vegas, Nevada] related to Shaun Rosiere Reg # 43651048 request to travel (any and all). I am looking for the documentation of the investigation that is required for the review of the travel request. Who was call and when were they call as required." *Id.* at Ex. 38.

Mr. Rosiere filed a complaint on May 23, 2016, in the District of Colorado, alleging that the DOJ failed to respond to his requests within the statutory time limit. He asks that the requested records be disclosed to him.

This is not Mr. Rosiere's first FOIA litigation in the District of Colorado. Indeed, his initial complaint in this case was filed the day after this court affirmed the dismissal of another complaint seeking records relating to his conviction and incarceration. *See Rosiere v. United States*, 650 F. App'x 593, 594 (10th Cir. 2016). The earlier FOIA requests were broader, but included much of the material sought in this case. One request to the DOJ was to send copies located at the FPC of "all legal log records and/or documents related to legal mail and all legal logs related to legal phone calls, in relations to Shaun Rosiere Reg. No. 43651-048" and "all phone records in relations to Shaun Rosiere Reg. No. 43651-048." Compl. at Ex. 4, *Rosiere v. United States*, 1:16-cv-00143-LTB (D. Colo.) (filed Jan. 19, 2016). The district court dismissed that case because Mr. Rosiere had filed suit in two other federal district courts with respect to almost identical FOIA requests. We affirmed the dismissal. *See Rosiere*, 650 F. App'x at 594.

Aware of Mr. Rosiere's prior complaint, the magistrate judge assigned to the case examined public records and found that he had filed eight complaints arising out of FOIA requests in six federal district courts in a little over six months.[1] The magistrate judge wrote:

---

[1] *See* Order to Show Cause, 6/13/2016, at 5 (citing *Rosiere v. United States*, 15-cv-02187 (D. Nev.) (filed Nov. 16, 2015) (15 FOIA requests); *Rosiere v. United States*,16-cv-00260 (D. Haw.) (filed May 23, 2016) (14 FOIA requests); *Rosiere v. United States*, 16-cv-0041 (D.N.J.) (filed Jan. 19, 2016) (15 FOIA requests); *Rosiere v. United States*, 16-

> The quantity of FOIA requests filed, including the fact that in his previous case in this court he had filed 15 identical FOIA requests three separate times on separate dates, as well as the number of federal actions Plaintiff has initiated in six separate districts over a short time period raises red flags for the Court. It appears Mr. Rosiere's subjective motivation for filing the large number of FOIA requests and the related lawsuits is an attempt to harass the defendant and to abuse the judicial process. Such harassment and abuse of the judicial process will not be tolerated.

Order to Show Cause, June 13, 2016, at 5–6. Mr. Rosiere was ordered to show cause within 30 days why his case should not be dismissed as malicious.

Mr. Rosiere's response to the order to show cause was not responsive. Much of it was just an attack on the magistrate judge. Almost a third is devoted to his assertion that the government confiscated from his home dozens of boxes with business records establishing that he has "Corporation(s), Business Trust(s) and Trust(s) that operated as their principal place of business(s) within Oregon, California, Nevada, Colorado, Hawaii, Etc. [where he has filed FOIA litigation]." Resp. at 2. And the remainder is largely an argument why each complaint, considered in isolation, was properly filed. But he does not explain why he needed to file so many similar lawsuits.

The district court was not impressed with Mr. Rosiere's response, noting that instead of "rationally explaining his reasons for filing such a large number of FOIA requests and lawsuits," he attacked the magistrate judge, an attack that "provides further

---

cv-00906 (D. Or.) (filed May 23, 2016) (8 FOIA requests); *Rosiere v. United States*, 16-cv-02765 (N.D. Cal.) (filed May 23, 2016) (6 FOIA requests); *Rosiere v. United States*, 16-cv-03571 (N.D. Cal.) (filed May 23, 2016) (6 FOIA requests); *see also Rosiere v. United States*, 16-cv-00143-LTB (D. Colo.) (filed Jan. 19, 2016) (dismissed on March 16, 2016, because claims were duplicative) (15 FOIA requests); *Rosiere v. United States*, 16cv1251 (D. Colo.) (instant case) (filed on May 23, 2016) (5 FOIA requests)). In each case the great majority, if not all, of the FOIA requests were to the DOJ.

4

evidence that [his] actions in this case were initiated and continue to be motivated by a malicious intent." Order to Dismiss at 7. The court concluded that the response to the show-cause order "in no way satisfies the court that this action was not filed for malicious purposes." *Id.* at 8. It dismissed the action because it "[would] not allow a litigant to abuse the court system or harass a party." *Id.*

In his brief on appeal, Mr. Rosiere tries to justify requesting certain information, argues that the DOJ has not properly responded to FOIA requests, and asserts his right to bring suit based on improper responses. But he still fails to provide a justification for multiple, repetitious suits.

## II.    DISCUSSION

Mr. Rosiere has been granted leave to proceed in forma pauperis, which requires both the district court and this court to review his complaint under 28 U.S.C. § 1915. The statute provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal as malicious is appropriate if the court determines that the action was filed in "an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir.1995); *see Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (although "'malicious' . . . is sometimes treated as a synonym for 'frivolous,' . . . [it] is more usefully construed as intended to harass"). To make this determination, the court "must . . . engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit." *Deutsch*, 67 F.3d at

5

1086. An action may be adjudged malicious if it "is plainly abusive of the judicial process." *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995), aff'd, 111 F.3d 125 (3d Cir. 1997) (unpublished). And "repetitious litigation of virtually identical causes of action" supports a finding of malice. *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted)).

We review a district court's dismissal for malice for abuse of discretion. *See Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997); *Walls v. Jarboe*, 232 F.3d 903, 903 n.1 (10th Cir. 2000) (unpublished). The district court did not abuse its discretion in finding that Mr. Rosiere's litigation activity was malicious. His brief before this court—like his response to the district court's order to show cause—fails to provide any justification for his assault on the courts and the DOJ. The claim was properly dismissed.

## III.    CONCLUSION

We **AFFIRM** the district court's dismissal of Mr. Rosiere's complaint.

Entered for the Court


Harris L Hartz
Circuit Judge