# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued August 10, 2022　　　　Decided September 9, 2022

No. 21-5269

LARRY ELLIOTT KLAYMAN,
APPELLANT

v.

NEOMI RAO, HON., ET AL.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02473)

*Larry Klayman*, pro se, argued the cause and filed the briefs for appellant.

*Kevin B. Soter*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *H. Thomas Byron III,* Attorney. *Abby C. Wright*, Assistant Director, entered an appearance.

2

Before: HIGGINSON[*] and ERICKSON[**], *Circuit Judges*, and SACK[***], *Senior Circuit Judge.*

Opinion for the Court filed PER CURIAM:

Larry E. Klayman appeals the sua sponte dismissal of his suit against Judges Colleen Kollar-Kotelly and Tanya S. Chutkan of the United States District Court for the District of Columbia and all members of the United States Court of Appeals for the District of Columbia Circuit. For the following reasons, we AFFIRM.


I.

This case arises from an earlier suit between Klayman and Judicial Watch, the organization he founded in 1994 and left in 2003. That litigation has spawned a series of subsequent lawsuits over the course of nearly twenty years. In the initial lawsuit between Klayman and Judicial Watch (*Judicial Watch I*), Klayman sued the organization asserting a variety of claims. Judicial Watch counterclaimed. The Honorable Colleen Kollar-Kotelly of the United States District Court for the District of Columbia presided over the litigation for approximately sixteen years. The case eventually went to trial, and the jury returned a $2.3 million verdict against Klayman. Klayman appealed, and this court affirmed. *Klayman v. Judicial Watch, Inc.*, 6 F.4th 1301 (D.C. Cir. 2021). Klayman petitioned for rehearing en banc, which was denied. He then petitioned for a writ of certiorari in the Supreme Court, which was also denied. *Klayman v. Judicial Watch, Inc.*, 142

---

[*] Of the Fifth Circuit, sitting by designation.
[**] Of the Eighth Circuit, sitting by designation.
[***] Of the Second Circuit, sitting by designation.

S. Ct. 2731, *reh'g denied*, --- S. Ct. ----, 2022 WL 3021506 (2022).

In 2019, following the jury verdict against him and the denial of his post-trial motions in *Judicial Watch I*, Klayman filed a separate complaint in the district court under Federal Rule of Civil Procedure 60 (*Judicial Watch II*), seeking vacatur of the judgment in *Judicial Watch I*. That case was assigned to Judge Tanya S. Chutkan. The district court dismissed Klayman's complaint, and this court affirmed. *Klayman v. Judicial Watch, Inc.*, 851 F. App'x 222 (D.C. Cir. 2021) (per curiam).

Following denial of rehearing en banc in *Judicial Watch I*, Klayman filed the pro se complaint at issue in this appeal. He named Judge Kollar-Kotelly, Judge Chutkan, and every member of this court as defendants. Klayman's complaint alleges that the defendants violated his First, Fifth, and Fourteenth Amendment rights based on the actions and inactions he alleges they took in the prior litigation. The district court dismissed the case sua sponte. Klayman timely appealed.

## II.

This court reviews a district court's dismissal of a complaint de novo, *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 339 (D.C. Cir. 2018), and the denial of a motion to transfer venue for abuse of discretion. *McFarlane v. Esquire Mag.*, 74 F.3d 1296, 1301 (D.C. Cir. 1996).

## III.

We have thoroughly reviewed the record, in particular the alleged evidentiary errors committed by the trial judge in *Judicial Watch I*. It seems clear to us that the instant suit is an attempt to relitigate prior decisions of the district court and of

4

this court. Klayman attempts to present the allegations in his complaint as independent violations of his constitutional rights, but they are in fact accusations that the decisions of the district court and of this court are incorrect.[1] Such claims are only reviewable, and in this case have been reviewed, on appeal and on writ of certiorari to the Supreme Court.[2] *See Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." (quoting *Walker v. Birmingham*, 388 U.S. 307, 314 (1967))). Klayman's requested relief—vacatur of the judgment against him and a new trial—further illustrates that the instant suit is an attempt to relitigate the original Judicial Watch litigation. As such, the district court correctly dismissed this case sua sponte because it had no jurisdiction to review the decisions of another federal district court judge or of this court; the claims are barred by res

---

[1] For example, Klayman's complaint alleges that the following "highly prejudicial errors" in the original Judicial Watch litigation, presided over by Judge Kollar-Kotelly, were "clear cut violations of Mr. Klayman's sacrosanct due process rights": imposing "an overly broad, draconian sanctions order," granting partial summary judgment in favor of Judicial Watch, admitting "highly prejudicial, inflammatory statements," "reading jury instructions that were erroneous," and "entering judgment on the jury verdict." This court addressed each of these alleged errors in *Judicial Watch I*. 6 F.4th at 1311-1321. Klayman similarly claims, and pressed at oral argument, that the panel of this court that decided *Judicial Watch I* violated his right to due process by "failing to reverse the jury verdict with regard to Judicial Watch's trademark infringement and related claims" and that the full court did so again by denying his petition for rehearing en banc.

[2] *See Judicial Watch I*, 6 F.4th 1301; *see also Judicial Watch II*, 851 F. App'x 222.

judicata; and Klayman was not entitled to injunctive relief because he had adequate, if unsuccessful, remedies at law.

First, the district court correctly dismissed this case because it lacked jurisdiction. "A federal district court lacks jurisdiction to review decisions of other federal courts." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006); *see also Partington v. Houck*, 2014 WL 5131658, at *1 (D.C. Cir. Oct. 3, 2014) ("The district court correctly held that it lacked authority to declare void a decision of this court."); *Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1392-93 (9th Cir. 1987) ("To allow a district court to grant injunctive relief against a bankruptcy court or the district court in the underlying bankruptcy case would be to permit, in effect, a 'horizontal appeal' from one district court to another or even a 'reverse review' of a ruling of the court of appeals by a district court. Such collateral attacks on the judgments, orders, decrees or decisions of federal courts are improper."). As explained above, because the bases for the constitutional violations Klayman alleges are decisions made in separate legal proceedings by other district court judges, which have been affirmed by this court, adjudication of the instant case would necessarily involve review of the "decisions of other federal courts," *Smalls*, 471 F.3d at 192, and granting Klayman the relief he requests would "void a decision of this court," *Partington*, 2014 WL 5131658, at *1. Thus, the district court lacked jurisdiction over Klayman's claims.[3]

---

[3] Klayman argues that Federal Rule of Civil Procedure 60(d)(1) grants the district court in the instant case the power to review and vacate the decisions of the district court and this court in *Judicial Watch I*. Rule 60(d)(1), however, merely makes clear that Rule 60 "*does not limit a court's power* to . . . entertain an independent action to relieve a party from a judgment, order or proceeding." Fed. R. Civ. P. 60(d)(1) (emphasis added). It does not affirmatively grant the courts any authority. Klayman cites no

Second, for similar reasons, Klayman's claims would be barred by issue preclusion, a form of res judicata also known as collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 94 n.5 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* at 94. Moreover, "once an *issue* is raised and determined, it is the entire *issue* that is precluded, not just the particular arguments raised in support of it in the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992). Klayman was a party to *Judicial Watch I* and *Judicial Watch II*, and he now seeks to relitigate issues that were raised and decided in that litigation. Therefore, his claims would be barred by res judicata.

Finally, this case was properly dismissed on the independent ground that Klayman had an adequate remedy at law and was therefore not entitled to injunctive or declaratory relief. It "is the basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *see also Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 531 n.6 (D.C. Cir. 2006) ("The general rule is that injunctive relief will not issue when an adequate remedy at law exists."). Klayman's right to appeal in *Judicial Watch I* and *Judicial Watch II* and to petition for review in the Supreme Court provided a remedy at law adequate to address any errors in the district courts' judgments. *See Wilson v. Schnettler*, 365 U.S. 381, 385 (1961) (holding that the "petitioner ha[d] a plain

authority, nor are we aware of any, in which a litigant was allowed to collaterally attack another federal court's judgment under Rule 60(d)(1). As discussed above, such use of Rule 60(d)(1) is foreclosed by *Celotex* and related decisions of this court.

and adequate remedy at law" by "an appeal to the Supreme Court of [his] State, and a right if need be to petition for 'review by [the Supreme Court]'"). Because he had an adequate remedy at law, Klayman was not entitled to the equitable relief he sought in this case. *Id.*; *see also Banks v. Office of Senate Sergeant-At-Arms & Doorkeeper of U.S. Senate*, 471 F.3d 1341, 1344 (D.C. Cir. 2006) ("We do not grant mandamus relief for the same reason: the appellant has an adequate remedy at law and may appeal the contested decision following a final judgment.").

## IV.

The district court properly denied Klayman's request for a change of venue. Because two of the named defendants sit as judges on the United States District Court for the District of Columbia, Klayman argues that all the judges of that court should have been recused or disqualified on the basis that their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). He further argues that because every judge of the district court should have been recused or disqualified, his complaint should have been transferred to another judicial district. First, the mere fact that this case challenges rulings made by other judges of the same court would not "lead a reasonable, informed observer to question the District Judge's impartiality." *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001). Moreover, Klayman cites no authority for the proposition that recusal or disqualification of all judges in a judicial district is a basis for transfer of venue.

## V.

For the foregoing reasons, the judgment of the district court is AFFIRMED.