NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0465n.06

No. 23-3002

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LUCINDA JONES, | ) | **FILED** |
| Plaintiff-Appellant, | ) ) | Nov 08, 2023 |
| | ) | KELLY L. STEPHENS, Clerk |
| v. | ) | |
| | ) | |
| HAMILTON COUNTY, OHIO, et al., | ) | |
| Defendants, | ) ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DAVID W. MCKEAGUE, in his individual | ) | THE SOUTHERN DISTRICT OF |
| capacity as a Senior Judge of the United States | ) | OHIO |
| Court of Appeals for the Sixth Circuit; | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: SILER, LARSEN, and READLER, Circuit Judges.

PER CURIAM. Lucinda Jones, an attorney proceeding pro se, appeals the district court's judgment that dismissed her amended complaint against Circuit Judge David W. McKeague, denied her motion for leave to file a second amended complaint, and imposed $5,000 in sanctions against her. As set forth below, we **AFFIRM** the district court's judgment.

This action arose from prior litigation in which Jones and her co-counsel filed an employment discrimination complaint in the United States District Court for the Western District of Tennessee. That complaint was filed on behalf of Katoria Williams and Demetri Faulkner against the Shelby County (Tennessee) School System and Marjorie Douglas. The district court granted Douglas's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), concluding that the plaintiffs' claims against her were untimely or failed to state a claim. Douglas moved for

her attorney fees and expenses. The district court granted Douglas's motion in part, holding that Jones and her co-counsel were personally liable to Douglas for $39,842.92 as sanctions under 28 U.S.C. § 1927 and that the plaintiffs were liable to Douglas for $7,968.58 under Tennessee law. Jones and her co-counsel appealed the sanctions order; the plaintiffs, then represented by different counsel, also appealed the sanctions order, but their notice of appeal was untimely. This court, with Judge McKeague writing on behalf of the panel, dismissed the plaintiffs' appeal as untimely and affirmed the sanctions order as to Jones and her co-counsel. *Williams v. Shelby Cnty. Sch. Sys.*, Nos. 19-5238/5789, 2020 WL 1190433 (6th Cir. Mar. 12, 2020). Douglas moved for her attorney fees and expenses as sanctions against the plaintiffs and their attorneys for filing the appeal. This court denied Douglas's motion. *Williams v. Shelby Cnty. Sch. Sys.*, 815 F. App'x 842 (6th Cir. 2020) (per curiam). Judge McKeague dissented, stating that he would have awarded monetary sanctions against Jones and her co-counsel under § 1927.

Jones filed this civil rights action, purportedly under 42 U.S.C. § 1983, in the United States District Court for the Southern District of Ohio against Judge McKeague, the Sixth Circuit Judicial Council, and Hamilton County, Ohio. Jones later did not oppose the dismissal of her claims against the Judicial Council and Hamilton County. In her amended complaint, Jones claimed that Judge McKeague (1) violated her right to due process by disregarding the facts presented in the prior litigation and by denying her request for oral argument and (2) "engaged in wrongful disciplinary action" against her in retaliation for exercising her right to free speech by asserting judicial misconduct in her appellate brief. As relief, Jones requested a declaration that Judge McKeague's actions violated her rights to due process and free speech, a declaration that this court's mandate in the prior litigation violated her rights to due process and free speech, and an award of her

attorney fees, expenses, and costs as authorized under 42 U.S.C. § 1988 as well as any additional legal and equitable relief to which she might be entitled.

Judge McKeague moved to dismiss Jones's amended complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). Jones opposed Judge McKeague's motion and moved for leave to file a second amended complaint to remove as defendants the Judicial Council and Hamilton County, to add as defendants the other judges who served on this court's panel with Judge McKeague (Circuit Judges Julia S. Gibbons and Helene N. White), and to seek "injunctive relief finding that [this court's] ruling [in the prior litigation] is null and void."

A magistrate judge recommended that the district court grant Judge McKeague's motion and dismiss the case without prejudice for lack of subject-matter jurisdiction or, alternatively, with prejudice for failure to state a claim. The magistrate judge further recommended that Jones's motion for leave to file a second amended complaint be denied as futile. Finally, the magistrate judge recommended that the district court sua sponte impose a monetary sanction of $5,000 on Jones or, alternatively, issue an order directing her to show cause why the court should not impose a monetary sanction and a pre-filing restriction. Over Jones's objections, the district court adopted the magistrate judge's report and recommendation and dismissed the case without prejudice. The district court granted Judge McKeague's motion to dismiss, concluding that it lacked jurisdiction to enter the relief sought by Jones and that her claims against Judge McKeague were otherwise barred by judicial immunity. The district court denied Jones's motion for leave to file a second amended complaint because her proposed amendment did not cure any of these defects and because any claims against Judges Gibbons and White would fail for the same reasons that her claims against Judge McKeague failed. The district court sua sponte imposed a monetary sanction

of $5,000 on Jones under § 1927 and under its inherent authority "for filing this frivolous case in an attempt to continue litigating a case that she previously lost on appeal," for opposing Judge McKeague's motion to dismiss, and for moving "to further amend her frivolous complaint." This timely appeal followed.

"We review de novo the district court's decision to dismiss [a] case for lack of subject-matter jurisdiction." *Lindke v. Tomlinson*, 31 F.4th 487, 490 (6th Cir. 2022). "[I]t seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action." *Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979). And Jones does not point to any authority allowing "'reverse review' of a ruling of the court of appeals by a district court." *Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d 1385, 1393 (9th Cir. 1987). The district court properly held that it lacked jurisdiction over any of Jones's claims seeking to review this court's decision affirming the sanctions order or to declare that order to be void or in violation of Jones's constitutional rights. *See Klayman v. Rao*, 49 F.4th 550, 552-53 (D.C. Cir. 2022) (per curiam).

Jones lacks standing to seek any other forms of relief here. To establish Article III standing, Jones "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "In the context of claims for injunctive or declaratory relief, a plaintiff must show that he is under threat of suffering injury in fact that is concrete and particularized, and that threat must be actual and imminent, not conjectural or hypothetical." *Sumpter v. Wayne County*, 868 F.3d 473, 491 (6th Cir. 2017) (cleaned up). "'Past exposure to illegal conduct' is insufficient to demonstrate an injury in fact that warrants declaratory or injunctive relief unless the past injury is accompanied by 'continuing, present adverse effects.'"

*Sullivan v. Benningfield*, 920 F.3d 401, 408 (6th Cir. 2019) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

Jones alleged that Judge McKeague violated her constitutional rights, "resulting in injuries to her that are continuing." But Jones failed to plausibly allege any facts to support the conclusory allegation that she continues to suffer injuries from Judge McKeague's past actions. *See Glennborough Homeowners Ass'n v. U.S. Postal Serv.*, 21 F.4th 410, 414 (6th Cir. 2021) (recognizing that a plaintiff "cannot rely on general or conclusory allegations in support of its standing, but instead must assert a plausible claim for why it has standing to pursue" a claim). Jones therefore failed to establish standing to seek declaratory relief for Judge McKeague's alleged violation of her constitutional rights.

We review de novo the district court's denial of Jones's motion for leave to file a second amended complaint on the basis that her proposed amendment was futile—that is, it "could not withstand a motion to dismiss." *Doe v. Mich. St. Univ.*, 989 F.3d 418, 424 (6th Cir. 2021) (quoting *Boulton v. Swanson*, 795 F.3d 526, 537 (6th Cir. 2015)). As Jones conceded in her motion, her allegations in her proposed second amended complaint were "materially the same" as the allegations in her amended complaint. Jones sought to add Judges Gibbons and White as defendants, asserting that their "actions mirror Judge McKeague's." Judges Gibbons and White would therefore be entitled to dismissal for the same reasons that Judge McKeague was entitled to dismissal. Jones also sought to add a request for "injunctive relief finding that [this court's] ruling is null and void," confirming that she was attempting to bring an improper collateral attack on this court's decision affirming the sanctions order. The district court properly denied Jones's motion for leave to file a second amended complaint as futile.

We review for an abuse of discretion the district court's decision to impose sanctions on Jones under § 1927 and under its inherent authority. *Jones v. Ill. Cent. R.R. Co.*, 617 F.3d 843, 850 (6th Cir. 2010). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Id.* (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)).

Under § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Subjective bad faith is not required to impose sanctions under § 1927; rather, "an attorney is sanctionable when [she] intentionally abuses the judicial process or knowingly disregards the risk that [her] actions will needlessly multiply proceedings," *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006), or when she "knows or reasonably should know that a claim pursued is frivolous," *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (quoting *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012)). "In contrast, the imposition of inherent power sanctions requires a finding of bad faith." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002).

Regardless of whether Jones acted in bad faith, the district court acted within its discretion in imposing a monetary sanction under § 1927. As the district court pointed out, if Jones believed that this court's decision affirming the sanctions order was in error, she could have pursued a petition for rehearing en banc before this court or a petition for a writ of certiorari before the Supreme Court. Jones instead brought this action in an improper attempt to collaterally attack this court's decision. In doing so, Jones unreasonably and vexatiously multiplied the proceedings.

Jones's claims against Judge McKeague were erroneously brought under § 1983 and were barred by judicial immunity. Even after Judge McKeague's motion to dismiss explained these deficiencies, Jones persisted in maintaining this frivolous lawsuit and moved for leave to file a second amended complaint, which did not address the deficiencies and instead compounded them by seeking to add Judges Gibbons and White as defendants and to request an injunction rendering this court's decision in the prior appeal "null and void." Under these circumstances, the district court did not abuse its discretion in imposing a monetary sanction of $5,000 on Jones under § 1927.

For these reasons, we **AFFIRM** the district court's judgment.