# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 24-5272**                                    **September Term, 2024**

**1:24-cv-02550-CRC**

**Filed On:** March 20, 2025

Ganiyu Jaiyeola, Dr.,

      Appellant

    v.

Janet T. Neff, Honorable District Judge and
Sally J. Berens, Honorable Magistrate Judge,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Childs, Pan, and Garcia, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders entered October 16, 2024 and November 21, 2024 be affirmed. The district court correctly dismissed appellant's claims for damages because his allegations arise from appellees' actions in appellant's civil case before the United States District Court for the Western District of Michigan. "Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." Sindram v. Suda, 986 F.2d 1459, 1460 (D.C. Cir. 1993). The actions about which appellant complains were well within appellees' judicial capacity and jurisdiction. See id. The district court also correctly dismissed appellant's claims for equitable relief because the district court lacks jurisdiction to review the decisions of another federal court. See Klayman v. Rao, 49 F.4th 550, 552 (D.C. Cir. 2022). Furthermore, the district court did not abuse its discretion by denying appellant's motion for relief from judgment because appellant identified no error in the district court's decision. See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006). And, for the same reasons that dismissal was warranted, the district court did not err by denying as futile appellant's motion for leave to amend his complaint. See Aguiar v. Drug Enf't Admin., 992 F.3d 1108, 1113-14 (D.C. Cir. 2021) (observing that leave to

amend is properly denied as futile where the proposed amended complaint would not survive a motion to dismiss).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
       Daniel J. Reidy
       Deputy Clerk