# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 25-5385**

**September Term, 2025**

**1:25-cv-02265-UNA**

**Filed On:** March 31, 2026

Donald Q. Smither,

      Appellant

    v.

United States Department of Housing &
Urban Development, et al.,

      Appellees


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Pillard, and Pan, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's October 21, 2025 order be affirmed. The district court did not err by dismissing without prejudice appellant's claims challenging actions by judges of the United States District Court for the Southern District of Texas for lack of subject-matter jurisdiction, see Fed. R. Civ. P. 12(h)(3), because "[a] federal district court lacks jurisdiction to review decisions of other federal courts," Klayman v. Rao, 49 F.4th 550, 552 (D.C. Cir. 2022) (citation omitted). The district court did not err by dismissing the remaining claims without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because certain of appellant's claims were identical to claims he brought in the United States District Court for the Southern District of Texas, see UtahAmerican Energy, Inc. v. Dep't of Labor, 685 F.3d 1118, 1123-24 (D.C. Cir. 2012), and, in any event, appellant's complaint failed to state a claim on which relief may be granted. See Jones v. Horne, 634 F.3d 588, 596 (D.C. Cir. 2011) ("A pro se complaint must be held to less stringent standards than formal pleadings drafted by lawyers, but even it must plead factual matter that permits the court to infer more than the mere possibility of misconduct." (internal quotation marks omitted)).

# United States Court of Appeals

_____

**No. 25-5385**                                    **September Term, 2025**


       Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**

                    **FOR THE COURT:**
                    Clifton B. Cislak, Clerk

         BY:    /s/
                    Daniel J. Reidy
                    Deputy Clerk